William Keith **STROMAN**, et al., Appellants,

v.

**FIDELITY AND CASUALTY OF NEW YORK**, Appellee.

No. 3–87–148–CV.

Court of Appeals of Texas, Austin.

June 20, 1990.

Timothy Patton, Groce, Locke & Hebdon, San Antonio, for appellants.

Van Huseman, Paul Dobson, White, Huseman, Pletcher & Powers, Corpus Christi, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Larry McNamee and William Keith Stroman appeal from a partial summary judgment rendered in favor of Fidelity and Casualty of New York (FCNY). FCNY, as cross-appellant, appeals from the final judgment awarding McNamee $105,509.96 in damages. We will reverse the judgment of the trial court and remand the cause for proceedings consistent with this opinion.

This suit arose out of an automobile accident in which Stroman struck McNamee, a pedestrian, while driving a 1983 Audi. McNamee filed suit against Stroman for damages (*McNamee v. Stroman*). Because FCNY believed its $100,000 insurance policy with Stroman's father did not cover the accident, FCNY proceeded to defend Stroman under a reservation of rights letter, hired independent counsel for Stro-

man, and filed a declaratory judgment action (from which this appeal arose) regarding coverage. The *McNamee v. Stroman* cause was called for trial before the declaratory judgment action. Based on its belief of no coverage, FCNY refused to settle with McNamee for $90,000, suggested Stroman try to settle in his own behalf, and told the independent counsel to proceed with trial. On the date trial was set, McNamee and Stroman entered into an agreed judgment for $400,000. The settlement included an assignment to McNamee of Stroman's rights against FCNY. McNamee separately agreed not to execute the judgment against Stroman and gave Stroman an interest in any recovery above $400,000.

After the court entered the agreed judgment, FCNY filed an amended petition in the declaratory judgment suit, asserting it was not responsible for any damages or settlement arising from the McNamee v. Stroman case. McNamee filed an amended counterclaim asserting an oral agreement for coverage existed between FCNY's agent, Dorothy Thaler, and Stroman's mother. McNamee prayed for $400,000 plus interest, attorney's fees, and punitive damages.

Both sides filed motions for summary judgment. The court partially granted FCNY's motion, reserving for trial the issue of whether the insurance company was "negligent in any manner regarding the Stroman's claim that they requested a binder on the Audi automobile and that the same be added to the policy of insurance furnished by [FCNY]."

At trial, the jury affirmatively answered McNamee's only requested issue: "Do you find from a preponderance of the evidence that in late August or early September 1985, Dorothy Thayler [sic] agreed with Betty Stroman [Keith Stroman's mother] that the 1983 Audi automobile was covered under the Leo Stroman [Keith Stroman's father] policy effective upon the expiration of the policy then covering the Audi?"

Following the jury verdict, the court entered final judgment, finding that the auto-

mobile insurance policy provided coverage for McNamee's claim against Stroman and that McNamee should recover from FCNY $105,509.96, the amount of the policy limits plus prejudgment interest.

In their only point of error in their limited appeal, McNamee and Stroman assert the trial court erred in granting a partial summary judgment against them because FCNY's "summary judgment proof failed to establish its affirmative defenses or disprove any element of their cause of action." They argue: (1) the final judgment mooted the summary judgment contractual issue of coverage; (2) the final judgment mooted the summary judgment issues of waiver and estoppel or, alternatively, a fact issue existed as to whether Stroman knowingly accepted the reservation of rights letter thereby waiving FCNY's defense of non-coverage; and (3) the tort issue of FCNY's failure to settle under a reservation of rights in the event a reasonable opportunity was presented, survived the final judgment or, alternatively, FCNY did not show that any element of this claim by McNamee and Stroman was conclusively established adversely to them.

In its partial summary judgment, the trial court stated:

(1) The Court finds that the policy does not provide coverage for Keith Stroman's operation of the 1983 Audi.

(2) The Court finds that the insurer did not waive and is not estopped to assert policy defenses of non-coverage.

(3) The Court declares that the insurer has no duty to indemnify Mr. Stroman for the sum of $400,000 provided in the agreed judgment of October 6th, 1986.

(4) The Court orders that the Defendants take nothing on their counterclaims for coverage, waiver, estoppel and negligence in defense of the suit.

The Court does not have before it the recently raised issue of whether or not the Camp–Prinz Agency of Rockdale, Texas was negligent in any manner regarding the Stroman's claim that they requested a binder on the Audi automobile and that the same be added to the policy of insurance furnished by [FCNY].

Accordingly, the summary judgment rendered above is partial in nature, and the issues before the Court that remain shall be litigated to the jury upon the February 9th, 1987 setting, subject to further orders of the Court.

The final judgment incorporated the interlocutory summary judgment order by reference. Generally, courts must construe judgments as a whole, and each part should be harmonized and given effect. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex.1987); *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex.1976). Were the terms of the interlocutory summary judgment inconsistent with the final order, the final judgment would control. *Hill v. Robinson*, 592 S.W.2d 376, 384 (Tex. Civ.App.1979, writ ref'd n.r.e.). Clearly, the final judgment awarding McNamee damages in the amount of the policy limits plus interest mooted the summary judgment findings regarding coverage and defenses of noncoverage, as McNamee asserts in his first two arguments.

McNamee and Stroman further argue that the tort issue of FCNY's failure to settle in the event a reasonable opportunity was presented either (1) survived the final judgment or (2) was not adversely established under summary judgment burden of proof standards. FCNY, in its reply brief, argues that the partial summary judgment did not dispose of McNamee's and Stroman's tort claims and that McNamee and Stroman waived those claims by failing to request jury questions on such claims in the charge. FCNY objected at trial to McNamee's and Stroman's failure to submit questions on proximate cause and damages "if this case is being submitted on a negligence theory." FCNY argues that the summary judgment disposed only of the issue of its negligence for having relied on the regular use exclusion under the policy as the basis for declining to settle and tendering a defense under reservation of rights and left open the issue of any negligence liability arising from its failure to defend or settle if the jury found the existence of an oral binder.

We do not agree. The summary judgment states "The Court orders that the Defendants take nothing on their counterclaims for coverage, waiver, estoppel and negligence in defense of the suit." After the partial summary judgment was rendered and the case proceeded to trial, the court stated during opening statements, "The issue before the jury is whether or not they came in [and] told them—or Mrs. Stroman came in and told them that they had a new automobile and the insureer [sic] agreed to cover it." Later, at the close of trial during FCNY's objections to the charge, the following exchange took place:

THE COURT: Okay. Your theory after the summary judgment is down to a contract. It's a temporary binder. That's what we are submitting, isn't it, sir.

[MCNAMEE'S ATTORNEY]: I'm satisfied with the submission.

THE COURT: After the Summary Judgment we are left with the agreement, the temporary binder?

[MCNAMEE'S ATTORNEY]: I never fully understood what Judge Pfeuffer's ruling was, but I think that's all we are left with.

[FCNY'S ATTORNEY]: Any question is on the record. Are you saying that you are submitting a contract theory?

[MCNAMEE'S ATTORNEY]: The only submitting—the only thing I think the Court's going to submit for us. That's where we are at.

THE COURT: Your objection is overruled. My understanding of the Summary Judgment was everything was disposed of in the carrier or the insured's favor, except for the one issue whether or not there was a temporary binder. Mrs. Thaler and Mr. [sic] Stroman entered into an agreement in late August or early September that it was covered at that time but that it did not actually—or the contract was made but it wasn't effective until late November when the Martin Stroman policy expired. That's my understanding of what is left.

We conclude that the partial summary judgment disposed of McNamee's and Stroman's counterclaim of negligence and left open only the question of coverage based upon the oral agreement. The negligence counterclaim that McNamee and Stroman now complain of as being improperly disposed of in the summary judgment is that FCNY "fail[ed] to perform those duties a carrier owes a person who is being defended under a reservation of rights, one of which is the duty to settle in the event a reasonable opportunity is presented."

■ When a party moves for summary judgment and the opposing party raises a counterclaim in response, the movant, in order to prevail, has the burden of establishing, as a matter of law, that at least one element of the counterclaim does not exist. *Golden Triangle Energy v. Wickes Lumber*, 725 S.W.2d 439, 441 (Tex.App.1987, no writ). We accept as true the non-movant's version of the facts and summary judgment proof in the record, indulging every reasonable inference and resolving every doubt in favor of the non-movants. *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867 (Tex.1984).

■ McNamee and Stroman base their negligence counterclaim on the "Stowers Doctrine," as set out in *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App.1929, holding approved). Under this doctrine, an insured may recover from his insurer the entire amount of a judgment in excess of policy limits rendered against him if, prior to judgment, the insurer negligently failed to accept a settlement offer within the liability limits of the policy. An insurer is held to that degree of care and diligence which an ordinary prudent person would exercise in the management of his own business. *Id.* at 547; *Ranger Co. Mut. Ins. Co. v. Guin*, 723 S.W.2d 656, 659 (Tex. 1987).

In *Globe Indem. Co. v. Gen–Aero, Inc.*, 459 S.W.2d 205 (Tex.Civ.App.1970), *writ ref'd n.r.e* 469 S.W.2d 164 (Tex.1971), the following guidelines for determining whether an insurer is negligent in failing to accept an offer to settle are set out:

(A) An opportunity to settle during the course of investigation or trial.

(B) Failure to carry on negotiations to settle or make a counter offer after receipt of an offer to settle.

(C) Failure to investigate all the facts necessary to protect properly the insured against liability.

(D) Question of liability—if liability is clear, greater duty to settle may exist.

(E) Element of good faith—whether insurer acts negligently, fraudulently, or in bad faith.

(F) If there are conflicts in evidence which increase the uncertainty of the insured's defense to the injured party's claim, the possibility of the insurer being held negligent increases.

*Id.* at 208 (citations omitted).

Attached to FCNY's motion for summary judgment are three letters from the insurer's adjuster, Rodger Lewis, to Richard Jacobs, the attorney hired by the insurer to defend Stroman. In these letters Lewis acknowledged receipt of earlier letters from Jacobs in which Jacobs conveyed a settlement offer from McNamee of $90,-000, recommended acceptance of the settlement offer, and requested permission to enter negotiations. Lewis answered that the insurer believed no coverage existed and thus, would make no offer of settlement or indemnity, but added, "The insurance carrier recognizes and agrees this is a case that should be negotiated if possible from the standpoint of William Keith Stroman.... [Y]ou should fully inform him of your analysis and determine if he will extend any settlement authority in his own behalf."

Applying the guidelines set out in *Globe* and reviewing the summary judgment record, we conclude that FCNY has failed to establish, as a matter of law, that McNamee and Stroman could not prevail on their "Stowers" counterclaim. McNamee's and Stroman's point of error is sustained.

FCNY, as cross-appellant, brings seven points of error. In point of error seven, FCNY argues this Court should reverse the judgment of the trial court and render a take-nothing judgment because the trial court's judgment can be upheld only if the record conclusively establishes McNamee's and Stroman's claims that FCNY acted wrongfully concerning its defense of Keith Stroman or negligently concerning settlement.

■ In a breach of insurance contract suit, a plaintiff must establish not only coverage, but also that the contract was breached, the insured was damaged by the breach, and the amount of damages resulting from the breach. *Block v. Employers Casualty Co.*, 723 S.W.2d 173, 178 (Tex. App.1986), *aff'd*, 744 S.W.2d 940 (Tex.1988). The single question submitted to the jury in this case established only the element of coverage.

McNamee and Stroman, in their cross-appellee's brief, argue they were under no burden to submit these other issues because they had shown that FCNY breached its insurance contract with Stroman by failing to pay the agreed judgment obtained against him and, under *Employers Casualty Co. v. Block*, 744 S.W.2d 940 (Tex.1988), and *Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162 (Tex.Civ.App.1975, writ ref'd n.r.e.), FCNY could not collaterally attack the agreed judgment by litigating the reasonableness of the damages. They further argue that under *William M. Mercer, Inc. v. Woods*, 717 S.W.2d 391 (Tex.App.1986), *aff'd in part, rev'd in part*, 769 S.W.2d 515 (Tex.1988), no jury question was required for recovery of the amount of the earlier judgment which did not exceed policy limits.

■ We disagree. *Mercer* dealt with an insurer's failure to procure an insurance policy and held that damages, if any, caused by the entry of an adverse judgment were a question of fact, not determinable as a matter of law by the trial court. Although *Rogers* and *Block* hold that the insurers in those cases could not collaterally attack an agreed judgment within policy limits entered into by its insured and the injured party by litigating the reasonableness of the damages, the insurers in those cases had refused to defend. As previously noted, under *Stowers*, an insurer is liable to its insured for the total amount of a claimant's judgment rendered against the

insured, including any amount in excess of the policy limits, if the insurer negligently failed to accept a settlement offer within the policy limits. Because the summary judgment disposed of McNamee's and Stroman's negligence claims in FCNY's favor, there was no basis for the trial court to determine damages as a matter of law, and the judgment must be reversed. FCNY argues that McNamee and Stroman failed to establish these claims at trial, and we must therefore reverse the trial court's judgment and render a take-nothing judgment. As we explain above, we conclude that the trial court improperly disposed of these claims in its partial summary judgment. We will accordingly reverse the judgment and remand the cause for trial of those issues.

Because of our disposition of the previous points of error, we need not reach the remaining points.

The judgment of the district court is reversed, and the cause is remanded for proceedings consistent with this opinion.