LOVE OF GOD HOLINESS TEMPLE
CHURCH, Appellant,

v.

UNION STANDARD INSURANCE
COMPANY, Appellee.

No. 06–93–00010–CV.

Court of Appeals of Texas,
Texarkana.

July 20, 1993.

Rehearing Denied Aug. 10, 1993.

Michael A. Duncan, Dallas, Don Stokes, Stokes & Stokes, Marshall, for appellant.

J. Don Westbrook, Sharp, Price, Griffith, McCollum, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

The question presented in this appeal is whether, in a suit on a specific peril casualty insurance policy, the insurance company's failure to specifically deny the insured's pleaded compliance with all conditions precedent to recovery on the policy relieves the insured from proving that the loss is within the coverage of the policy. We conclude that it does not and that the insured has the burden to both plead and prove that his loss is covered by the policy.

The Love of God Holiness Temple Church sued Union Standard Insurance Company after Union Standard denied the church's claim under its policy for water damage to its building. The church also sought damages for violations of Article 21.21 of the Texas Insurance Code. The trial court granted Union Standard's motion for instructed verdict on the Article 21.21 claims. On the contract issue the jury found that the church's damage was not caused by an event covered by the policy.

The church's main contention is that, since Union Standard failed to plead any affirmative defense or any unfulfilled condition precedent, it waived all defenses against liability and the court should have granted the church's motion for instructed verdict.

■ The church pleaded that "[a]ll conditions precedent which must occur before [the church] is allowed any recovery pursuant to the terms of the contract of Insurance have, in fact, occurred." Union Standard filed only a general denial. The church correctly argues that a plaintiff who pleads that all conditions precedent necessary to recovery have been fulfilled needs only to prove compliance with those conditions precedent that are specifically denied by the defendant. *See Greathouse v. Charter National Bank–Southwest,* 851 S.W.2d 173 (Tex.1992); *Betty Leavell Realty Co. v. Raggio,* 669 S.W.2d 102 (Tex. 1984); *Trevino v. Allstate Ins. Co.,* 651 S.W.2d 8, 12 (Tex.App.–Dallas 1983, writ ref'd n.r.e.); TEX.R.CIV.P. 54. That the loss was covered by the policy, however, is not a condition precedent. *Royal Indemnity Co. v. Marshall,* 388 S.W.2d 176 (Tex.1965); *Stewart Title Guaranty Co. v. City National Bank,* 796 S.W.2d 308 (Tex.App.–Eastland 1990, no writ); *Bethea v. National Casualty Co.,* 307 S.W.2d 323 (Tex.Civ.App.–Beaumont 1957, writ ref'd).

■ Conditions precedent are stipulations that call for the performance of some act or the occurrence of some event before an agreement is enforceable. Examples of conditions precedent in insurance contracts are the giving of notice of claim or loss, the timely filing of proof of loss, reporting the loss to proper authorities, filing suit within a specified time, timely forwarding suit papers to a liability insurer, and the like. 7 GEORGE J. COUCH, COUCH ON INSURANCE 2D §§ 35:2, 36:48 (1985). The agreement itself, i.e., the promise of the insurer to pay if a loss cov-

ered by the general terms of the policy occurs, is not a condition precedent.

▮ To recover under a specific peril insurance policy, the insured must both plead and prove that his loss is covered by the policy. *Employers Casualty Co. v. Block*, 744 S.W.2d 940, 944 (Tex.1988); *Stroman v. Fidelity and Casualty of New York*, 792 S.W.2d 257, 261 (Tex.App.–Austin 1990, writ denied). The church pleaded that:

> One of the perils against which [the church] was and is insured is water damage whereby water enters the covered building, or church, through damage caused by wind and or hail.
>
> . . . .
>
> In July of 1987, the exterior of the church building, specifically its roof, was damaged by wind and hail and the interior of the church was damaged by water due [to] severe inclement weather.

Although the church bore the burden of proof to establish coverage, it did not introduce any evidence that the damage was caused by wind or hail and thus covered by the policy. As coverage was an essential element of the church's cause of action and it failed to prove that element, it was not entitled to an instructed verdict. *Royal Indemnity Co. v. Marshall, supra; Bethea v. National Casualty Co., supra.*

The church argues that the holding in *Greathouse v. Charter National Bank–Southwest*, 851 S.W.2d 173, supports its position that an element of the plaintiff's case need not be proven if the fulfillment of conditions precedent is generally alleged and the defendant fails to specifically deny any of them. The Supreme Court in *Greathouse* held, in effect, that commercially reasonable disposition was a condition precedent to a suit by a creditor on a deficiency. The court expressly said that a commercially reasonable disposition of the collateral is in the nature of a condition which must be met, and "[t]hen and only then is [the creditor] entitled to sue for a deficiency," *citing Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769, 771 (Tex.1982). Since commercial reasonableness is a condition to the suit for deficiency, a general allegation that all conditions have been fulfilled prevails against

a general denial. That is not true in the case of coverage under an insurance policy. Coverage relates to the agreement itself, not merely to a condition to suit on the policy.

▮ The church also contends that the trial court erred by submitting the question of causation to the jury. The trial court should submit any jury question that is raised by the written pleadings and the evidence. TEX.R.CIV.P. 278. Coverage was raised by the church's pleadings that wind and hail caused damage to the church building, and it was put in issue by Union Standard's general denial. *Employers Casualty Co. v. Block, supra.* Union Standard produced testimony from three expert witnesses who said that wind or hail did not cause the church's damages. As the issue was raised by the pleadings and the evidence, the trial court correctly submitted the issue of causation to the jury.

The church also contends that the trial court erred in allowing Union Standard to adduce evidence on the issue of causation. It contends that the evidence related to an affirmative defense and, since Union Standard did not plead an affirmative defense, the evidence regarding causation should not have been allowed. *See* TEX.R.CIV.P. 94.

▮ If Union Standard had relied on an exclusion or an exception in the insurance policy, it would have had to plead it as an affirmative defense. But Union Standard did not rely on any affirmative defense. The lack of coverage is not an affirmative defense. It is a defense that the insurer may raise, but the existence of coverage is an essential element of the plaintiff's case, and he has the burden of pleading and proving coverage. *Employers Casualty Co. v. Block, supra; Kirk v. Standard Life and Accident Insurance Co.*, 475 S.W.2d 570 (Tex.1972); *Combined American Insurance Co. v. Blanton*, 163 Tex. 225, 353 S.W.2d 847 (1962); *Stroman v. Fidelity and Casualty of New York, supra; Reserve Life Insurance Co. v. Crager*, 421 S.W.2d 697 (Tex.Civ.App.–Beaumont 1967, no writ); *Bethea v. National Casualty Co., supra;* 19 GEORGE J. COUCH, COUCH ON INSURANCE 2D §§ 79:345, 79:350 (1983); 46 TEX.JUR. 3D *Insurance Contracts*

*and Coverage* §§ 611, 620 (1986). It was proper to allow Union Standard to produce evidence on the issue of coverage.

The church also contends that the trial court erred by granting Union Standard's motion for instructed verdict on the claim under Article 21.21 of the Texas Insurance Code.

The church pleaded that Union Standard's conduct violated Article 21.21 of the Insurance Code, *see* TEX.INS.CODE ANN. art. 21.21, § 3 (Vernon 1981), and art. 21.21, § 16 (Vernon Supp.1993). On appeal, the church argues more specifically that Union Standard violated the provision of the statute that defines as an unfair practice "compelling policy holders to institute suits to recover amounts due under its policies by offering substantially less than the amount ultimately recovered in suits brought by them." *See* TEX.INS.CODE ANN. art. 21.21–2, § 2(b)(5) (Vernon Supp. 1993); *see also Vail v. Texas Farm Bureau Mutual Ins. Co.,* 754 S.W.2d 129, 133 (Tex. 1988).

▮ An insurer does not commit an unfair claim settlement practice merely because it denies a claim made by an insured. As long as there exists a reasonable basis for the insurer to deny the insured's claim, the insurer does not violate any provision of Article 21.21–2. *Progressive County Mutual Ins. Co. v. Boman,* 780 S.W.2d 436, 440–41 (Tex.App.–Texarkana 1989, no writ). Here, the jury found that the church did not suffer a loss covered by the policy. As the loss was not covered by the policy, the denial of the claim could not have been an unfair claim practice. *See Commonwealth Lloyds Insurance Co. v. Downs,* No. 853 S.W.2d 104 (Tex. App.–Fort Worth n.w.h.).

For the reasons stated, the judgment of the trial court is affirmed.