NO. 07-00-0457-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 20, 2001

______________________________

DALE DAVIS, APPELLANT

V.

FIRST INDEMNITY OF AMERICA INSURANCE CO., APPELLEE

_________________________________

FROM THE 84
TH
 DISTRICT COURT OF HANSFORD COUNTY;

NO. 4264; HONORABLE WILLIAM D. SMITH, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Following rendition of a summary judgment that he take nothing, appellant Dale Davis challenges the judgment of the trial court denying his traditional motion for summary judgment and granting the traditional motion for summary judgment of appellee, First Indemnity of America Insurance Co. (First Indemnity).  By eight points of error, Davis  contends the trial court erred (1) in sustaining First Indemnity’s objections to his cross-motion for summary judgment, (2) in overruling his response to First Indemnity’s motion for summary judgment, (3) in denying his counter-motion for summary judgment, (4) in overruling his response to First Indemnity’s response to his cross-motion for summary judgment, (5) in granting First Indemnity’s and denying his motion for summary judgment, (6) because there was insufficient evidence to support a summary judgment as a matter of law, (7) in allowing First Indemnity to make a collateral attack upon the final judgment rendered in a previous cause in favor of Davis, and (8) in failing to render summary judgment in his favor based upon the judgment rendered against the principals on the bond for $52,501.92.  Based upon the rationale expressed herein, we reverse and remand.

In March 1993, First Indemnity issued a Motor Vehicle Dealer’s Surety Bond, as surety, in the penal sum of $25,000 for Jim and Allan Beasley, d/b/a Beasley Auto Sales as required by Act of May 24, 1993, 73rd Leg., R.S., ch. 1035, § 1, 1993 Tex. Gen. Laws 4448
.
(footnote: 1)  In February 1994, Davis purchased a 1989 GMC pickup from Beasley Auto Sales.  Because the dealer did not deliver good title to the vehicle for several months, Davis was unable to obtain insurance on the pickup, and while it was uninsured the vehicle was wrecked by Davis’s grandson.  After the wreck, Davis learned that the pickup had been previously wrecked and declared a total loss by the insurance company insuring the former owner.  Davis then sued Beasley Auto Sales for damages and other relief and obtained a final default judgment signed April 7, 1997, for $10,000 actual damages, $2,501.91 prejudgment interest, attorney’s fees, and other damages.  

Then, on January 11, 1998, Davis filed suit against First Indemnity seeking to recover his damages on the surety bond.  First Indemnity answered by general denial and specific denials that 1) Davis’s claim was not covered by the bond, and 2) the testimony at the default judgment would not support a claim under the bond; however, it did not file any verified pleas or present any affirmative defenses as required by Rules 93 and 94 of the Texas Rules of Civil Procedure.  After First Indemnity filed its motion for summary judgment, Davis responded and also filed his motion for summary judgment and
 the trial court granted First Indemnity’s motion and rendered a final judgment from which Davis appeals.

Standard of Review  

For a party to prevail on a traditional motion for summary judgment under Tex. R. Civ. P. 166a(c), he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  This requirement dictates that when the defendant is the movant, he must conclusively negate at least one of the essential elements of the plaintiff's cause of action.  Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment.  Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  In Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), the Court set out the standard by which we are to review a summary judgment:  

     1.  The movant for summary judgment has the burden of showing that there is no  genuine issue of material fact and that it is entitled to judgment as a matter of law. 

     2.  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. 

     3.  Every reasonable inference must be indulged in favor of the non- movant and any doubts resolved in its favor.  

Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [ 1st Dist.] 1996, writ denied).  Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence.  McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993).  Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal.  Tex. R. Civ. P. 166a(c).  Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court.  Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). 

Where, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, on appeal, we review the summary judgment evidence of both sides and determine all questions presented, and render judgment the trial court should have rendered.  Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999);  Greg Lair, Inc. v. Spring, 23 S.W.3d 443, 446 (Tex.App.--Amarillo 2000, pet. denied).

By point of error five, Davis contends the trial court erred in granting First Indemnity’s motion for summary judgment.  Under Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119,121 (Tex. 1970), this point is sufficient to allow argument of all possible grounds upon which summary judgment should have been denied. In our analysis, we first consider the sufficiency of the motion for summary judgment and then whether Davis’s response was sufficient to defeat First Indemnity’s motion. 

Sufficiency of Motion

In addition to other requirements, by its opening sentence Rule 166a(c) requires that a traditional motion for summary judgment
 shall state the specific grounds therefor. 
(Emphasis added).  In McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993), the Court held that:

A motion for summary judgment 
must
 itself expressly present the ground upon which it is made.

A motion must stand or fall on the grounds expressly presented in the motion.

In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.

(Emphasis added).
(footnote: 2)  The term “grounds” refers to the reasons entitling the movant to summary judgment.  Also, the term “issues” refers to the reasons the non-movant contends defeat the movant’s entitlement to summary judgment.  
McConnell
, 858 S.W.2d at 339 n.2.

   In 
McConnell
, the Court discussed (1) motions that presented no grounds, (2) motions that presented only certain grounds, (3) motions that presented unclear grounds, and (4) the non-movant’s answer or response.  In concluding its discussion of a motion presenting no grounds, the Court held:

Even if the non-movant fails to except or respond, if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law.  Consequently, we conclude that Rule 166a(c) does not require a non-movant to except in this situation.

In Franklin v. Enserch, Inc., 961 S.W.2d 704, 708 (Tex.App.--Amarillo 1998, no pet.), we held that this rule also requires that the grounds must be expressed in a manner which affords the non-movant fair notice of the grounds.  First Indemnity’s motion consists of three sections summarized as follows:

I.  
Summary Judgment Evidence
, which lists eight items of summary judgment evidence; and

II.  
Introduction
, which is a historical statement only; and

III. 
Argument and Authorities
 containing authorities and summations of the claims of Davis.

By its motion, First Indemnity did not allege the absence of any issues of material fact or that it was entitled to summary judgment that Davis take nothing because it had established  a stated or specific defense as a matter of law.  Because the rule requires that the grounds must be expressly presented in the motion, we are not required to “read between the lines to infer or glean from the pleadings or proof, any grounds for” the summary judgment.  
McConnell
, 858 S.W.2d at 343.  Accordingly, because the grounds for summary judgment were not expressly presented in the motion and the trial court did not specify the grounds upon which summary judgment was rendered, the motion was insufficient as a matter of law.

Davis’s Response

Moreover, former article 6686 in effect at the time the bond was issued provided in part that:

The liability imposed on the surety under this section is limited to the face amount of the bond for the amount of the valid bank drafts, including checks drawn by the applicant for the purchase of motor vehicles or the amount paid by the applicant for the motor vehicle for which good title was not delivered, and for attorney’s fees which are reasonable in relation to the work performed. . . .

Davis submitted the judgment rendered April 7, 1997, that Davis recover his damages against Beasley Auto Sales as summary judgment evidence in support of his motion and in opposition to First Indemnity’s motion for summary judgment.  The underlying judgment  provided in part:

The Court finds that the Plaintiff, Dale Davis, ought to recover of and from the Defendants, JIMMY D. BEASLEY and ALLAN BEASLEY, d/b/a BEASLEY AUTO SALES his actual damages in the sum of Ten Thousand and No/100 ($10,000.00) dollars, being the purchase price paid for the motor vehicle, for failure to deliver title to the motor vehicle in question within twenty (20) working days of the date of sale on February 4, 1994 as required by Art. 6687-6 Texas [Rev. Civ.] Statutes, a total of $10,000.00 actual damages.

When a bond is required by statute, the statute is made part of the bond and is controlling regardless of the language of the bond.  Howze v. Surety Corp. of America, 584 S.W.2d 263, 266 (Tex. 1979).  In the present case, the bond in effect at the time of the sale in pertinent part states:

THE CONDITION OF THIS OBLIGATION is such that if, during the effective period of this obligation, the Principal shall pay all valid bank drafts, including checks, drawn by the Principal for the purchase of motor vehicles and transfer 
good title
 to each motor vehicle that Principal purports to sell, then this obligation shall be void; otherwise to remain in full force and effect.

*   *   *

IT IS FURTHER UNDERSTOOD AND AGREED that this bond shall be open to successive claims up to the face value of the bond.  The surety shall not be liable for successive claims in excess of the bond amount, regardless of the number of claims made against the bond.  Recovery against the bond may be made by a person who obtains a judgment against a dealer assessing damages and attorney’s fees for an act or omission on which the bond is conditioned . . . .

(Emphasis added).  Among other things, First Indemnity contended that there was no requirement that the title be delivered within 20 days,
(footnote: 3) and also that Davis refused to accept title.  Although First Indemnity could have interposed any valid defense that would have defeated Davis’s case at the time of the underlying judgment, the judgment against Beasley Auto Sales created a 
prima facie
 case of liability against the surety.  
See
  Gramercy Ins. Co. v. Arcadia Financial Ltd, 32 S.W.2d 402, 407 (Tex.App.--Houston [14
th
 Dist.] 2000, no pet.) (published after the trial court granted First Indemnity’s motion).  Because the underlying judgment constituted 
prima facie 
evidence of First Indemnity’s liability, it was sufficient to defeat the motion for summary judgment because First Indemnity did not establish a defense as a matter of law.  Accordingly, we sustain Davis’s fifth point of error, to the extent he contends the trial court erred in granting First Indemnity’s motion for summary judgment.  

Next, we consider Davis’s contention, also submitted by his fifth point, that the trial court erred in denying his motion for summary judgment and that we should render judgment for him based upon the underlying judgment.  Like First Indemnity, by his motion for summary judgment, Davis did not expressly state the grounds upon which the motion was presented.  Davis’s motion
(footnote: 4) was divided into five sections: (1) Introduction; (2) Argument and Authorities; (3) Summary Judgment Evidence; (4) Attorney Fees; and (5) Conclusion.  Davis concluded his motion by requesting that judgment be rendered for him in the amount of $25,000 without regard to the limitation of the bond to the “amount paid for the motor vehicle” contained in former article 6686.
(footnote: 5)  Instead of expressly setting out the grounds or reasons for summary judgment, the motion presents considerable history of events and proceedings, argument and authorities, along with summary judgment evidence.  Thus, we conclude the trial court did not err in denying Davis’s motion for summary judgment.  That portion of Davis’s fifth point by which he contends the trial court erred in denying his motion for summary judgment is overruled.  Our disposition of Davis’s fifth point pretermits our consideration of the remaining points.  
Tex. R. App. P. 47.1.
 

 Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings.

Don H. Reavis

        Justice

Publish.   

FOOTNOTES
1:
Formerly Tex. Rev. Civ. Stat. Ann. art. 6686, now Tex. Transp. Code Ann. § 503.033 (Vernon 1999).

2:
Rule 166a(c) does not require nor prohibit the presentation of argument and authorities in support of a motion or response to a motion for summary judgment.  However, when argument and authorities are appropriate, submission by separate brief is favored  because in addition to enabling counsel to focus on and clearly define the relevant grounds, issues, etc. in the motion or response, it will also facilitate the court’s identification and isolation of grounds, issues, or summary judgment evidence without the distraction of argument and authorities. 

3:
We do not decide whether the provision in the judgment regarding delivery of good title within 20 days is outcome determinative or material to the determination of liability or coverage under the bond.

4:
12 single-spaced typed pages.

5:
Davis did not request judgment in the amount of $10,000, in the alternative.