NO. 07-02-0486-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 30, 2003



______________________________




PAUL NUNN, APPELLANT



V.



CITY OF VERNON, TEXAS, APPELLEE






_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 22,588; HONORABLE TOM NEELY, JUDGE



_______________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.



MEMORANDUM OPINION




 Following a summary judgment that he take nothing, appellant Paul Nunn
challenges the judgment denying his motion for summary judgment and granting the 
motion for summary judgment of appellee City of Vernon Employee Benefit Trust
(Employee Benefit Trust). Presenting three issues, Nunn contends (1) the Health Plan's
exclusion of medical care for workers' compensation expenses applies only to injuries
which are actually covered by workers' compensation insurance coverage; (2) the
Employee Benefit Trust failed to establish that the affirmative defense of failure to exhaust
administrative remedies barred his claim; and (3) the trial court could not have denied his
motion for summary judgment based on the defense of sovereign immunity. Based upon
the rationale expressed herein, we reverse and render in part and reverse and remand in
part.

 Nunn, a member of the Fire Department of the City of Vernon, was injured while
working at an off-duty job. Because his off-duty employer was not a subscriber under the
Workers' Compensation Act, Nunn sought coverage for his medical expenses under the
Health Plan provided by the City of Vernon and administered by the City of Vernon
Employee Benefit Trust. After Nunn's request for payment of the medical expenses was
denied by the plan administrator, without requesting that the plan administrator review the
initial denial and without submission of the claim to the Trustees for their determination,
Nunn filed suit seeking a declaratory judgment that his claim was covered by the Plan,
notwithstanding that his injury was sustained while working for a part-time employer.

 Both parties moved for summary judgment. By his traditional motion for partial
summary judgment, Nunn contended he was entitled to a partial summary judgment
because the Plan did not exclude coverage for benefits while injured working for a non-subscriber. Also, Nunn contended his suit was not barred by sovereign immunity which
had been raised by the Employee Benefit Trust by its pleading. Responding and also
moving for summary judgment, the Employee Benefit Trust presented two grounds by its
traditional motion for summary judgment being: (1)

 First Ground: The Plan of the Employee Benefit Trust specifically excludes
from coverage workers' compensation related claims; and


 Second Ground: Nunn failed to exhaust the remedies under the Plan for
filing this cause of action leaving Nunn with no right under the Plan to bring
this lawsuit.


After hearing both motions for summary judgment, the trial court granted the motion of
Employee Benefit Trust, denied Nunn's motion and, without stating any reasons or
grounds, rendered judgment that Nunn have and recover nothing against Employee
Benefit Trust. 

Standard of Review


 In our analysis, we apply the standard of review set out in Davis v. First Indem. of
America Ins. Co., 56 S.W.3d 106, 108-09 (Tex.App.--Amarillo 2001, no pet.). Also, where
as here, both parties move for summary judgment and the trial court grants one motion and
denies the other, on appeal, we review the summary judgment evidence of both sides and
determine all questions presented and render judgment the trial court should have
rendered. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999); see also Greg
Lair, Inc. v. Spring, 23 S.W.3d 443, 446 (Tex.App.--Amarillo 2000, pet. denied). 

 Considering Nunn's issues in logical rather than sequential order, we first consider
his second issue by which he contends Employee Benefit Trust failed to establish that the
affirmative defense of failure to exhaust administrative remedies bars his claim as a matter
of law. We agree.

 Employee Benefit Trust did not use the phrase "administrative remedies" had not
been exhausted in its motion as a ground. It labeled the issue as exhaustion of
"administrative remedies" in its pleading and brief herein. (2) Even though a comparison may
constitute a distinction without a difference, in our opinion, the cases applicable to actions
on contracts containing "conditions precedent" are more appropriate for purposes of our
analysis. In Love of God Holiness v. Union Standard, 860 S.W.2d 179, 180 (Tex.App.--Texarkana 1993, writ denied), in a suit on an insurance contract, the court held:

 [c]onditions precedent are stipulations that call for the performance of some
act or the occurrence of some event before an agreement is enforceable. 
Examples of conditions precedent in insurance contracts are the giving of
notice of claim or loss, the timely filing of proof of loss, reporting the loss to
proper authorities, filing suit within a specified time, timely forwarding suit
papers to a liability insurer, and the like.


 Among other provisions, Article VI of the Plan provides in part: 

 

 [n]o action may be brought for benefits provided by this Plan or any
amendment or modification thereof, or to enforce any right thereunder, until
after the claim has been submitted to and determined by the Trustees. . . . 
Any legal action must commence within twelve (12) calendar months
immediately following the date of such Trustees' decision. 


Applying the definition in Union Standard, 860 S.W.2d at 180, these contractual provisions
constitute conditions precedent.

 In State Farm General Insurance Company v. Lawlis, 773 S.W.2d 948, 949
(Tex.App.--Beaumont 1989, no writ), in granting a mandamus, the court held a condition
precedent to sustaining suit on a policy was valid; however, it also held the proper remedy
of the insurer for enforcement of the condition precedent was an abatement "rather than
bar." Then, in Vanguard Underwriters Ins. Co. v. Smith, 999 S.W.2d 448, 450 (Tex.App.--Amarillo 1999, no pet.), the insurance company sought an abatement of the suit until the
insured complied with the appraisal provision of the contract. Similar to the provision
noted above, paragraph 11 of that policy provided:

 Suit Against Us. No suit or action can be brought unless the policy
provisions have been complied with. Action brought against us must be
started within two years and one day after the cause of action accrues.


Concluding the provisions of the insurance contract were clear and unambiguous, we
conditionally granted a mandamus to compel an appraisal.

 According to the summary judgment evidence, Nunn did not submit his claim to the
Trustees for determination before he filed his suit for declaratory judgment. Concluding
provisions of Article VI of the Plan as noted above constitute conditions precedent, Nunn's
action was subject to abatement. However, as noted in Union Standard, Employee Benefit
Trust was not entitled to a judgment that Nunn take nothing. Accordingly, Nunn's second
issue is sustained in part and overruled in part.

 By its first ground of its motion for summary judgment, Employee Benefit Trust
contended the Plan specifically excluded coverage for the claim because it was excluded
as a workers' compensation related claim. In response, by his first issue, Nunn contended
the medical plan exclusion for medical care for workers' compensation expenses applied
only to injuries which were actually covered by workers' compensation insurance coverage
which was directed to the first ground of Employee Benefit Trust. As discussed in our
analysis of Nunn's second issue, Article VI of the plan expressly provided no action could
be brought for benefits until "after the claim has been submitted and determined by the
Trustees." Also, Article VII of the Plan empowers the Trust Committee to construe the
provisions of the agreement which, when exercised in good faith, is binding upon the City,
employees, and beneficiaries. Because the provisions of Article VI require submission of
the claim to the Trustees, a judgment denying the claim on its merits before a decision by
the Trustees is premature. Our disposition of issue two pretermits our consideration of
Nunn's first and third issues.

 Accordingly, rendering the judgment the trial court should have rendered, judgment
is hereby rendered denying the motions for summary judgment of both parties, and the
summary judgment that Nunn take and recover nothing is reversed and the cause is
remanded to the trial court for further proceedings consistent with this opinion.


 Don H. Reavis

 Justice


1. By its pleading, Employee Benefit Trust alleges Nunn failed to exhaust his
administrative remedies.
2. Appellee's brief does not cite any cases or other authority in support of its
exhaustion of administrative remedies argument.

State v. Olsen, 163 Tex. 449, 360 S.W.2d 402, 403 (1962) (orig.
proceeding) (“[a] writ of mandamus will not lie against a successor judge in the absence
of a refusal by him to grant the relief Relator seeks”). The record does not indicate the
scope of Judge Gleason’s assignment. Regardless of the merits of relator’s complaint,
nothing shows the proper respondent is Judge Gleason. 
          Even if Judge Gleason were the proper respondent, we would find relator’s petition
does not demonstrate his entitlement to the requested extraordinary relief he seeks. The
form of relator’s petition does not comply with the Rules of Appellate Procedure. It lacks
the certification required by Rule 52.3(j) and not all documents in the appendix are certified
or sworn as required by Rule 52.3(k)(1)(A). Tex. R. App. P. 52.3. Additionally, the petition
does not contain proper proof of service on the real party in interest, the State. Tex. R.
App. P. 9.5.
          Moreover, assuming the accuracy of the petition’s appendix, the record does not
indicate relator’s motions were called to the attention of the trial court and it refused to act. 
Mandamus is an extraordinary remedy available only in limited circumstances involving
manifest and urgent necessity and not for grievances that may be addressed by other
remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A relator must
demonstrate a clear abuse of discretion or the violation of a duty imposed by law when
there is no other adequate remedy at law. See Republican Party of Texas v. Dietz, 940
S.W.2d 86, 88 (Tex. 1997). Relator does not challenge a ruling of the trial court. Rather
he alleges failure of that court to perform a ministerial duty. Therefore, to obtain relief by
mandamus, relator must also show: (1) a legal duty by the trial court to act; (2) a demand
for performance; and (3) a refusal to act. See Stoner v. Massey, 586 S.W.2d 843, 846
(Tex. 1979); In re Chavez, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig.
proceeding). 
          With his motions, relator included a letter requesting the district clerk to file the
motion and present it to the trial court. The record does not, however, indicate the court
was made aware of relator’s requests and when. A court has no duty to consider a motion
not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.–Houston [1st
Dist.] 1994, writ denied). Merely filing a motion with the district clerk does not prove it was
brought to the attention of the trial court because the clerk’s knowledge of the motion is not
imputed to the trial court. In re Chavez, 62 S.W.3d at 228. Therefore, “[relator] must prove
that the trial court received notice of the pleading . . . . Merely alleging that something was
filed with or mailed to the district clerk does not satisfy that requirement.” In re Metoyer,
No. 07-07-0506-CR, 2008 WL 123575, *1 n.2, 2008 Tex. App. Lexis 243, *4 n.2,
(Tex.App.–Amarillo January 14, 2008, orig. proceeding) (citations omitted) (not designated
for publication). The rationale of this precept is clear. “[A] court cannot be faulted for doing
nothing when it is or was unaware of the need to act.” In re Metoyer, 2008 WL 123575,
at *1, 2008 Tex. App. Lexis 243, at *3. Relator’s petition fails for want of proof that his
motions were brought to the attention of the trial court and it refused to act. See In re
Posey, No. 07-03-0518-CV, 2004 WL 111551, *1, 2004 Tex. App. Lexis 695 at *2-*3
(Tex.App.–Amarillo January 22, 2004, orig. proceeding) (mem. op.).
          Relying on In re Cash, 99 S.W.3d 286 (Tex.App.–Texarkana 2003, orig. proceeding)
relator argues a trial court’s five-month failure to rule on a motion for DNA testing is a clear
abuse of discretion authorizing issuance of a writ of mandamus compelling a ruling. We
disagree with relator’s notion that a bright-line time standard governs the trial court’s
discretion to rule on a pending motion. See In re Chavez, 62 S.W.3d at 229. We also
disagree that In re Cash would authorize grant of relator’s petition. There, before
conditionally granting Cash’s petition, the appellate court explained that a trial court has
a reasonable time to rule on a motion brought to its attention and a relator seeking to show
a trial court abused its discretion by failing to rule must, among other things, prove the trial
court was asked to perform an act and failed or refused to do so. Id. at 288. This can only
mean the record established that Cash’s motion was brought to the trial court’s attention
but the court nonetheless did not rule on it. In the present case, as we have noted, relator
has not proved the judge was aware of his motions and failed or refused to act. 
          Relator’s petition further asks that we direct the trial court to appoint counsel for
representation in his post-conviction proceeding for DNA testing. Appointment of counsel,
he argues, is a ministerial duty of the trial court.


 In a Chapter 64 proceeding, a convicting
court shall appoint counsel for the applicant if, among other things, it finds reasonable
grounds for filing a testing motion. Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon
2006). Therefore, appointment of counsel in a Chapter 64 proceeding is not a ministerial
act. Because appointment of counsel implicates the judgment of the trial court, we are not
empowered to direct its ruling on relator’s request. We have repeatedly held that we may
not direct a trial court’s decision on a matter pending before it. See, e.g., In re Duffy, No.
07-09-0090-CV, 2009 WL 1066088, at *2, 2009 Tex. App. Lexis 2738, at *4-5
(Tex.App.–Amarillo Apr. 20, 2009, orig. proceeding) (mem. op.) (citing cases). Accord In
re Blakeney, 254 S.W.3d 659, 661 (Tex.App.–Texarkana 2008, orig. proceeding) (“[w]hile
we have jurisdiction to direct the trial court to make a decision, we may not tell the court
what that decision should be”). This rule is applicable to relator’s request.
Conclusion
          Even assuming Judge Gleason were the proper respondent, the record before us
does not demonstrate a clear abuse of discretion. For the reasons we have stated, we
deny relator’s petition for writ of mandamus.
 
                                                                           James T. Campbell

                                                                                    Justice