NO. 07-02-0486-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 30, 2003

_____


PAUL NUNN, APPELLANT

V.

CITY OF VERNON, TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 22,588; HONORABLE TOM NEELY, JUDGE

_____


Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a summary judgment that he take nothing, appellant Paul Nunn challenges the judgment denying his motion for summary judgment and granting the motion for summary judgment of appellee City of Vernon Employee Benefit Trust

(Employee Benefit Trust). Presenting three issues, Nunn contends (1) the Health Plan's exclusion of medical care for workers' compensation expenses applies only to injuries which are actually covered by workers' compensation insurance coverage; (2) the Employee Benefit Trust failed to establish that the affirmative defense of failure to exhaust administrative remedies barred his claim; and (3) the trial court could not have denied his motion for summary judgment based on the defense of sovereign immunity. Based upon the rationale expressed herein, we reverse and render in part and reverse and remand in part.

Nunn, a member of the Fire Department of the City of Vernon, was injured while working at an off-duty job. Because his off-duty employer was not a subscriber under the Workers' Compensation Act, Nunn sought coverage for his medical expenses under the Health Plan provided by the City of Vernon and administered by the City of Vernon Employee Benefit Trust. After Nunn's request for payment of the medical expenses was denied by the plan administrator, without requesting that the plan administrator review the initial denial and without submission of the claim to the Trustees for their determination, Nunn filed suit seeking a declaratory judgment that his claim was covered by the Plan, notwithstanding that his injury was sustained while working for a part-time employer.

Both parties moved for summary judgment. By his traditional motion for partial summary judgment, Nunn contended he was entitled to a partial summary judgment because the Plan did not exclude coverage for benefits while injured working for a non-

2

subscriber. Also, Nunn contended his suit was not barred by sovereign immunity which had been raised by the Employee Benefit Trust by its pleading. Responding and also moving for summary judgment, the Employee Benefit Trust presented two grounds by its traditional motion for summary judgment being:[1]

> First Ground: The Plan of the Employee Benefit Trust specifically excludes from coverage workers' compensation related claims; and

> Second Ground: Nunn failed to exhaust the remedies under the Plan for filing this cause of action leaving Nunn with no right under the Plan to bring this lawsuit.

After hearing both motions for summary judgment, the trial court granted the motion of Employee Benefit Trust, denied Nunn's motion and, without stating any reasons or grounds, rendered judgment that Nunn have and recover nothing against Employee Benefit Trust.

## Standard of Review

In our analysis, we apply the standard of review set out in Davis v. First Indem. of America Ins. Co., 56 S.W.3d 106, 108-09 (Tex.App.--Amarillo 2001, no pet.). Also, where as here, both parties move for summary judgment and the trial court grants one motion and denies the other, on appeal, we review the summary judgment evidence of both sides and determine all questions presented and render judgment the trial court should have

---

[1]By its pleading, Employee Benefit Trust alleges Nunn failed to exhaust his administrative remedies.

3

rendered. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999); *see also* Greg Lair, Inc. v. Spring, 23 S.W.3d 443, 446 (Tex.App.--Amarillo 2000, pet. denied).

Considering Nunn's issues in logical rather than sequential order, we first consider his second issue by which he contends Employee Benefit Trust failed to establish that the affirmative defense of failure to exhaust administrative remedies bars his claim as a matter of law. We agree.

Employee Benefit Trust did not use the phrase "administrative remedies" had not been exhausted in its motion as a ground. It labeled the issue as exhaustion of "administrative remedies" in its pleading and brief herein.[2] Even though a comparison may constitute a distinction without a difference, in our opinion, the cases applicable to actions on contracts containing "conditions precedent" are more appropriate for purposes of our analysis. In Love of God Holiness v. Union Standard, 860 S.W.2d 179, 180 (Tex.App.-- Texarkana 1993, writ denied), in a suit on an insurance contract, the court held:

> [c]onditions precedent are stipulations that call for the performance of some act or the occurrence of some event before an agreement is enforceable. Examples of conditions precedent in insurance contracts are the giving of notice of claim or loss, the timely filing of proof of loss, reporting the loss to proper authorities, filing suit within a specified time, timely forwarding suit papers to a liability insurer, and the like.

---

[2]Appellee's brief does not cite any cases or other authority in support of its exhaustion of administrative remedies argument.

Among other provisions, Article VI of the Plan provides in part:

> [n]o action may be brought for benefits provided by this Plan or any amendment or modification thereof, or to enforce any right thereunder, until after the claim has been submitted to and determined by the Trustees. . . . Any legal action must commence within twelve (12) calendar months immediately following the date of such Trustees' decision.

Applying the definition in *Union Standard*, 860 S.W.2d at 180, these contractual provisions constitute conditions precedent.

In State Farm General Insurance Company v. Lawlis, 773 S.W.2d 948, 949 (Tex.App.--Beaumont 1989, no writ), in granting a mandamus, the court held a condition precedent to sustaining suit on a policy was valid; however, it also held the proper remedy of the insurer for enforcement of the condition precedent was an abatement "rather than bar." Then, in Vanguard Underwriters Ins. Co. v. Smith, 999 S.W.2d 448, 450 (Tex.App.--Amarillo 1999, no pet.), the insurance company sought an abatement of the suit until the insured complied with the appraisal provision of the contract. Similar to the provision noted above, paragraph 11 of that policy provided:

> **Suit Against Us.** No suit or action can be brought unless the policy provisions have been complied with. Action brought against us must be started within two years and one day after the cause of action accrues.

Concluding the provisions of the insurance contract were clear and unambiguous, we conditionally granted a mandamus to compel an appraisal.

5

According to the summary judgment evidence, Nunn did not submit his claim to the Trustees for determination before he filed his suit for declaratory judgment. Concluding provisions of Article VI of the Plan as noted above constitute conditions precedent, Nunn's action was subject to abatement. However, as noted in *Union Standard*, Employee Benefit Trust was not entitled to a judgment that Nunn take nothing. Accordingly, Nunn's second issue is sustained in part and overruled in part.

By its first ground of its motion for summary judgment, Employee Benefit Trust contended the Plan specifically excluded coverage for the claim because it was excluded as a workers' compensation related claim. In response, by his first issue, Nunn contended the medical plan exclusion for medical care for workers' compensation expenses applied only to injuries which were actually covered by workers' compensation insurance coverage which was directed to the first ground of Employee Benefit Trust. As discussed in our analysis of Nunn's second issue, Article VI of the plan expressly provided no action could be brought for benefits until "after the claim has been submitted and determined by the Trustees." Also, Article VII of the Plan empowers the Trust Committee to construe the provisions of the agreement which, when exercised in good faith, is binding upon the City, employees, and beneficiaries. Because the provisions of Article VI require submission of the claim to the Trustees, a judgment denying the claim on its merits before a decision by the Trustees is premature. Our disposition of issue two pretermits our consideration of Nunn's first and third issues.

6

Accordingly, rendering the judgment the trial court should have rendered, judgment is hereby rendered denying the motions for summary judgment of both parties, and the summary judgment that Nunn take and recover nothing is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.


Don H. Reavis
Justice