NO. 07-05-0336-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 23, 2006


 ______________________________



ROBERT E. LANG, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-405489; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant was convicted after a jury trial of the offense of murder and was
sentenced, by the same jury, to a term of confinement for life in the Institutional Division
of the Texas Department of Criminal Justice. We affirm.

 Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court's judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has filed a response.

 By his Anders brief, counsel raises grounds that could possibly support an appeal. 
We have reviewed these grounds and made an independent review of the entire record
to determine whether there are any arguable grounds which might support an appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State,
178 S.W.3d 824 (Tex.Crim.App. 2005). In addition, we have reviewed the ground raised
in appellant's response. We have found no such arguable grounds and agree with counsel
that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted and the trial court's
judgment is affirmed.



 Mackey K. Hancock

 Justice



Do not publish. 



 lawsuit.


After hearing both motions for summary judgment, the trial court granted the motion of
Employee Benefit Trust, denied Nunn's motion and, without stating any reasons or
grounds, rendered judgment that Nunn have and recover nothing against Employee
Benefit Trust. 

Standard of Review


 In our analysis, we apply the standard of review set out in Davis v. First Indem. of
America Ins. Co., 56 S.W.3d 106, 108-09 (Tex.App.--Amarillo 2001, no pet.). Also, where
as here, both parties move for summary judgment and the trial court grants one motion and
denies the other, on appeal, we review the summary judgment evidence of both sides and
determine all questions presented and render judgment the trial court should have
rendered. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999); see also Greg
Lair, Inc. v. Spring, 23 S.W.3d 443, 446 (Tex.App.--Amarillo 2000, pet. denied). 

 Considering Nunn's issues in logical rather than sequential order, we first consider
his second issue by which he contends Employee Benefit Trust failed to establish that the
affirmative defense of failure to exhaust administrative remedies bars his claim as a matter
of law. We agree.

 Employee Benefit Trust did not use the phrase "administrative remedies" had not
been exhausted in its motion as a ground. It labeled the issue as exhaustion of
"administrative remedies" in its pleading and brief herein. (2) Even though a comparison may
constitute a distinction without a difference, in our opinion, the cases applicable to actions
on contracts containing "conditions precedent" are more appropriate for purposes of our
analysis. In Love of God Holiness v. Union Standard, 860 S.W.2d 179, 180 (Tex.App.--Texarkana 1993, writ denied), in a suit on an insurance contract, the court held:

 [c]onditions precedent are stipulations that call for the performance of some
act or the occurrence of some event before an agreement is enforceable. 
Examples of conditions precedent in insurance contracts are the giving of
notice of claim or loss, the timely filing of proof of loss, reporting the loss to
proper authorities, filing suit within a specified time, timely forwarding suit
papers to a liability insurer, and the like.


 Among other provisions, Article VI of the Plan provides in part: 

 

 [n]o action may be brought for benefits provided by this Plan or any
amendment or modification thereof, or to enforce any right thereunder, until
after the claim has been submitted to and determined by the Trustees. . . . 
Any legal action must commence within twelve (12) calendar months
immediately following the date of such Trustees' decision. 


Applying the definition in Union Standard, 860 S.W.2d at 180, these contractual provisions
constitute conditions precedent.

 In State Farm General Insurance Company v. Lawlis, 773 S.W.2d 948, 949
(Tex.App.--Beaumont 1989, no writ), in granting a mandamus, the court held a condition
precedent to sustaining suit on a policy was valid; however, it also held the proper remedy
of the insurer for enforcement of the condition precedent was an abatement "rather than
bar." Then, in Vanguard Underwriters Ins. Co. v. Smith, 999 S.W.2d 448, 450 (Tex.App.--Amarillo 1999, no pet.), the insurance company sought an abatement of the suit until the
insured complied with the appraisal provision of the contract. Similar to the provision
noted above, paragraph 11 of that policy provided:

 Suit Against Us. No suit or action can be brought unless the policy
provisions have been complied with. Action brought against us must be
started within two years and one day after the cause of action accrues.


Concluding the provisions of the insurance contract were clear and unambiguous, we
conditionally granted a mandamus to compel an appraisal.

 According to the summary judgment evidence, Nunn did not submit his claim to the
Trustees for determination before he filed his suit for declaratory judgment. Concluding
provisions of Article VI of the Plan as noted above constitute conditions precedent, Nunn's
action was subject to abatement. However, as noted in Union Standard, Employee Benefit
Trust was not entitled to a judgment that Nunn take nothing. Accordingly, Nunn's second
issue is sustained in part and overruled in part.

 By its first ground of its motion for summary judgment, Employee Benefit Trust
contended the Plan specifically excluded coverage for the claim because it was excluded
as a workers' compensation related claim. In response, by his first issue, Nunn contended
the medical plan exclusion for medical care for workers' compensation expenses applied
only to injuries which were actually covered by workers' compensation insurance coverage
which was directed to the first ground of Employee Benefit Trust. As discussed in our
analysis of Nunn's second issue, Article VI of the plan expressly provided no action could
be brought for benefits until "after the claim has been submitted and determined by the
Trustees." Also, Article VII of the Plan empowers the Trust Committee to construe the
provisions of the agreement which, when exercised in good faith, is binding upon the City,
employees, and beneficiaries. Because the provisions of Article VI require submission of
the claim to the Trustees, a judgment denying the claim on its merits before a decision by
the Trustees is premature. Our disposition of issue two pretermits our consideration of
Nunn's first and third issues.

 Accordingly, rendering the judgment the trial court should have rendered, judgment
is hereby rendered denying the motions for summary judgment of both parties, and the
summary judgment that Nunn take and recover nothing is reversed and the cause is
remanded to the trial court for further proceedings consistent with this opinion.


 Don H. Reavis

 Justice


1. By its pleading, Employee Benefit Trust alleges Nunn failed to exhaust his
administrative remedies.
2. Appellee's brief does not cite any cases or other authority in support of its
exhaustion of administrative remedies argument.