GREG LAIR, INC., Ron Smith
and Harold Boyd Walker,
Appellants,

v.

Kimberly A. SPRING, Appellee.

No. 07–99–0143–CV.

Court of Appeals of Texas,
Amarillo.

April 11, 2000.

Gibson Ochsner & Adkins LLP, S. Tom Morris Vance Edward Ivy, Amarillo, for appellants.

Nancy J. Stone, Herman Jesko, Amarillo, Carr Hunt Wolfe & Joy LLP, Donald M. Hunt Deborah S. McClure, Amicus Curiae, Amarillo, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

JOHN H. REAVIS, Justice.

Greg Lair, Inc. and Ron Smith present their joint appeal from a partial summary judgment as to liability and a final judgment following a nonjury trial of the remaining issues that Kimberly A. Spring recover $1,022,332.34, plus prejudgment interest in the amount of $340,776.66 from Harold Boyd Walker,[1] Lair Inc. and Smith, jointly and severally. Spring contends that the determination of the vicarious liability of Lair, Inc. and Smith for the negligence of Walker under the doctrine of joint enterprise was properly established by her motion for partial summary judgment. By one primary issue, Lair, Inc. and Smith contend the trial court erred in granting Spring's motion for partial summary judgment and denying their motion for summary judgment. Based on the rationale set out below, the judgment of the trial court that Spring recover her damages against Lair, Inc. and Smith is reversed and rendered; otherwise the judgment is affirmed.

On October 16, 1995, Walker, a prospective buyer, visited Lair, Inc., a GMC dealer, to consider the purchase of a new pickup truck. At the suggestion of Smith, a salesman for Lair, Inc., Walker and his wife took a new pickup on a demonstration drive. Smith accompanied the Walkers on the test drive. While driving the pickup owned by Lair, Inc., Walker failed to yield the right of way at a stop sign and collided with an automobile driven by Lee Sturgeon in which Spring was a passenger, causing Spring to sustain severe personal injuries. The parties stipulated that the collision was proximately caused by the negligence of Walker and that neither Sturgeon nor Spring were negligent. By her pleadings, among other matters, Spring alleged that Lair, Inc. and Smith were vicariously liable for the negligence of Walker under the doctrine of joint en-

1. Harold Boyd Walker is not a party to this   appeal.

terprise. Following Lair, Inc. and Smith's motion for summary judgment on the ground that they were not engaged·in a joint enterprise with Walker and accordingly were not vicariously liable for Walker's negligence, Spring filed her motion for partial summary judgment contending as her sole ground that the vicarious liability of Lair, Inc. and Smith existed as a matter of law because of (1) Lair, Inc.'s ownership of, and Smith's presence in, the pickup, and (2) joint enterprise.

In opposition to Spring's motion for partial summary judgment, among other things, Lair, Inc. and Smith asserted that Spring's summary judgment proof failed to establish at least three of the essential elements of a joint enterprise as a matter of law, to-wit: (1) an agreement, express or implied, between Lair, Inc. and Walker; (2) a common purpose to be carried out by Lair, Inc. and Walker, and (3) a community of pecuniary interest. Also, they responded that the mere ownership of the pickup by Lair, Inc. and the presence of its salesman in the pickup does not now afford any basis for vicarious liability for Walker's negligence. In opposition to the motion for summary judgment of Lair, Inc. and Smith, Spring contended that the summary judgment proof of Lair, Inc. and Smith was not sufficient to conclusively negate any single element of the joint enterprise theory, (i.e., (1) an agreement, expressed or implied among the members with a common purpose, (2) a common purpose, (3) a right, expressed or implied, to direct and control the enterprise, and

(4) a common business or pecuniary interest.) Following a hearing on Spring's motion for partial summary judgment as to liability, and Lair, Inc. and Smith's motion for summary judgment, the trial court denied Lair, Inc. and Smith's motion and granted Spring's motion for partial summary judgment, and the order expressly provided that the ground of the vicarious liability was based upon the doctrine of joint enterprise.

After the parties filed three sets of written stipulations,[2] following a nonjury trial, the trial court rendered its final judgment. The judgment recites that the trial court found that $1,022,332.34 would reasonably compensate Spring for her injuries and that Smith was not independently negligent in any respect. Next, the judgment noted the stipulation that Walker was negligent in the operation of the Lair, Inc. vehicle and that Walker's negligence was a proximate cause of Spring's injuries and further that Spring's motion for partial summary judgment "that joint enterprise existed as a matter of law between" Walker, Smith, and Lair, Inc., and that Smith and Lair, Inc. "are vicariously liable for any negligence on the part of" Walker was previously rendered. Following these recitations, the judgment then concludes that Spring recover her damages, including prejudgment interest against Walker, Smith, and Lair, Inc., jointly and severally.[3] Then, after the judgment was signed on April 13, 1999, a fourth set of stipulations was filed which, as material here,

2. Summary of relevant stipulations: (1) Spring's damages exceeded $500,000, but were less than $1.5 million; (2) while Walker was driving a Lair, Inc. truck on a demonstration test drive accompanied by Smith, following his failure to stop at a stop sign, Spring was injured in an accident; (3) Walker was negligent in the operation of the Lair, Inc. vehicle and his negligence was a proximate cause of Spring's injuries; (4) the issue of damages and remaining liability issues to be tried before Judge John T. Forbis; (5) Spring's claims of joint enterprise and vicarious liability of Lair, Inc. and Smith and/or recovery for Smith's individual negligence shall survive Spring's acceptance of $45,000 paid to her by Walker's carrier; and (6) Spring, Lair, Inc. and Smith agree that they will never seek to collect any judgment against Walker personally in excess of the cumulative limits of all insurance that may be liable to satisfy any judgment against Walker.

3. The last paragraph of the judgment provides that "all relief not herein expressly granted is DENIED. This Judgment disposing of all remaining issues as to all remaining parties and being a final and appealable judgment, execution or other appropriate process may issue for the enforcement of same."

provided that (1) Lair, Inc. and Smith would not challenge the amount of Spring's damages on appeal and would not seek to recover costs on appeal; (2) Spring would not challenge the trial court finding that Smith was not independently negligent and would not urge any theory of liability on appeal other than vicarious liability of Lair, Inc. and Smith for the negligence of Walker; and (3) that the stipulations eliminated the need for a reporter's record on appeal of the filing of a supersedeas bond. Before commencing our analysis, we first set out the appropriate standard of review.

### Summary Judgment Standard Of Review

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). This requirement dictates that when the defendant is the movant, he must conclusively negate at least one of the essential elements of the plaintiff's cause of action. Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). In *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985), the Court set out the standard by which we are to review a summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Barbouti v. Hearst Corp.,* 927 S.W.2d 37, 64 (Tex.App.—Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. *McConnell v. Southside School Dist.,* 858 S.W.2d 337, 341 (Tex.1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex.R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *Casso v. Brand,* 776 S.W.2d 551, 553 (Tex.1989).

Where, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, on appeal, we review the summary judgment evidence of both sides and determine all questions presented, and render judgment the trial court should have rendered. *Bradley v. State ex rel. White,* 990 S.W.2d 245, 247 (Tex.1999). Because the order granting Spring's motion for partial summary judgment specifies the ground relied upon, the rule that we must affirm the judgment of the trial court if any of the summary judgment grounds are meritorious does not apply. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995).

### Analysis

By a sole issue, Lair, Inc. and Smith contend the trial court erred in granting Spring's motion for partial summary judgment and in denying their motion for summary judgment. Spring contends however, that the application of the joint enterprise theory to the summary

judgment evidence was proper and that the judgment should be affirmed. As the parties' contentions are postured on appeal, we must determine whether the trial court erred in holding that Spring had established the existence of a joint enterprise between Walker, Lair, Inc., and Smith, as a matter of law, and that Lair, Inc. and Smith established that a joint enterprise did not exist as a matter of law.

Before addressing the development of Texas law concerning the doctrine of joint enterprise, we commence our analysis by considering *Bertrand v. Mutual Motor Co.*, 38 S.W.2d 417, 418 (Tex.Civ.App.— Eastland 1931, writ ref'd), in which the question presented was whether an automobile dealer was liable for the negligent acts of a prospective buyer while test driving a car to determine if he would purchase the car.[4] After observing that the question presented a case of first impression in Texas and reviewing cases from other jurisdictions, the court held that the dealer was not liable for the negligence of the prospective buyer while test driving the automobile. Among other matters, the court reasoned that a prospective buyer could not be the agent of the dealer to demonstrate a car to himself. Also, after concluding that the interests of the prospective buyer were antagonistic to those of the dealer as a prospective seller, the court held that the antagonism between prospective seller and buyer "prevents the existence of the relation of principal and agent."

Before *Shoemaker v. Estate of Whistler*, 513 S.W.2d 10,15 (Tex.1974), whether (1) joint owners of a conveyance would be held vicariously liable under the doctrine of joint enterprise had not been decided, and (2) existing Texas case law did not limit the doctrine of joint enterprise to cases of joint conduct involving a business or commercial purpose. *Shoemaker*, however, represents a major change in the direction of Texas law, which limited "the application of the doctrine to an enterprise having

a business or pecuniary purpose...." *Id.* at 17. The Court then concluded its analysis holding:

> While the broader definition of joint enterprise has been previously embraced by this Court, *Leeper, Straffus, Nelson, Bonney,* we have determined that the definition set forth in the Restatement § 491, comment *c* is better reasoned and is adopted. By limiting the application of the doctrine to an enterprise having a business or pecuniary purpose, we will henceforth be avoiding the imposition of a basically commercial concept upon relationships not having this characteristic.

Restatement (Second) of Torts § 491 (1965).

Then, focusing on the third element of a joint enterprise pursuant to Section 491, *(i.e.,* a community of pecuniary interest) in the flight, the Court held that because of the absence of a common pecuniary purpose for the search, the negligence of the pilot-owner may not be imputed to the passenger-owner as to render him vicariously liable.

Comment *c* of Section 491 of the Restatement provides:

> The elements which are *essential* to a joint enterprise are commonly stated to be four:(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. Whether these elements exist is frequently a question for the jury, under proper direction from the court.

(Emphasis added). To justify or support charging one member of the joint enterprise with vicarious liability for the acts of other members, comment *b* of Section 491 reasons that:

> the driver on the test drive.

---

4. No employees of the dealer accompanied

The law then considers that each is the agent or servant of the others, and that the act of any one within the scope of the enterprise is to be charged vicariously against the rest.

Because the existence of an agency relationship is precluded by the conflicting interests of the prospective buyer and seller under *Bertrand,* 38 S.W.2d at 418, the legal ground supporting and justifying the imposition of vicarious liability under Section 491 does not exist.

Moreover, as in *Shoemaker,* 513 S.W.2d at 17, although a common purpose of the search existed, the third element of community of pecuniary interest was not met. The Court noted that the term *community of pecuniary interest* had sometimes been articulated as "common financial interest" or a "common pecuniary objective." *Id.* In *Rhea v. Williams,* 802 S.W.2d 118, 121 (Tex.App.—Forth Worth 1991, writ denied), instead of using the phrase "community of pecuniary interest," the court approved a charge which substituted "a common business or pecuniary interest," in the instruction to the jury. Also, we note that instead of using the term "community of pecuniary interest" Texas Pattern Jury Charge 6.11 substitutes the words "common business or pecuniary interest." Here, however, the pecuniary interests of Walker as the prospective buyer and Lair, Inc. and Smith as the prospective sellers are not common. To the contrary, as recognized in *Bertrand,* 38 S.W.2d at 418, they have competing interests which inherently cannot be common.

In her brief, under her topic "Community of Pecuniary Interest," in an effort to fulfill the community of pecuniary interest requirement, Spring argues that:

> The test drive was undertaken as a business enterprise for the sole purpose of making a deal on the vehicle. Both Smith and Walker were in the vehicle because each of them was interested in the same subject matter; both were on the trip for the sole purpose of a contemplated transaction involving the purchase and sale of a vehicle.... The "community" of interest involved (1) the express or implied agreement, and (2) the common purpose. It arose from, and involved the same subject matter, a deal on a vehicle, as was involved in the enterprise. One party was not engaged in the test drive for the purpose of making a deal on the vehicle while the other party was along to try to sell life insurance, check cattle, visit family members, or pick daisies.

Initially, we note that Spring does not identify the community of interest as a community of pecuniary interest. Instead, she argues that a "community of interest" existed because of an agreement and a common purpose. Although the argument may be sufficient to demonstrate fulfillment of the first two elements set out in Section 491, it does not address the third element, to-wit: a community of pecuniary interest. Further, notwithstanding some commonality of interests as contended, the existence of a common pecuniary interest is essential to the existence of a joint enterprise. Here, as somewhat similar to *Blount v. Bordens, Inc.,* 910 S.W.2d 931, 933 (Tex.1995), because there was no summary judgment evidence showing a community of pecuniary interest, and the summary judgment evidence established the absence of any community of pecuniary interest, the trial court erred in granting Spring's motion for partial summary judgment and denying Lair, Inc. and Smith's motion for summary judgment. We sustain Lair, Inc. and Smith's issue.

Because the judgment that Spring recover her damages against Lair, Inc. and Smith was predicated on the determination of liability when the trial court granted Spring's motion for partial summary judgment and we have sustained Lair, Inc. and Smith's primary issue, the judgment that Spring recover her damages against Lair, Inc. and Smith is reversed and judgment is hereby rendered that Spring take and recover nothing against Lair, Inc. and Smith;

in all other respects the judgment is affirmed. Based on the written stipulations dated May 4, 1999, no costs are to be awarded to Lair, Inc. and Smith.