NO. 07-02-0033-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 26, 2002



______________________________




POWERHOUSE SERVICES, INC., APPELLANT



V.



BECHTEL CORPORATION, APPELLEE




_________________________________



FROM THE 58TH DISTRICT COURT OF JEFFERSON COUNTY;



NO. A-164,979; HONORABLE JAMES MEHAFFY, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Powerhouse Services, Inc. presents two issues challenging a summary judgment
that Bechtel Corporation recover $113,015.56 as damages and $37,671.85 as court costs
and reasonable attorney's fees for breach of a written indemnity agreement. By its first
issue, Powerhouse contends the indemnity provision is invalid as a matter of law under the
express negligence test and by its second issue, contends that genuine issues of material
fact exist as to causation and Powerhouse's alleged negligence which the trial court
apparently determined as a matter of law. (2) Based upon the rationale expressed herein, we
affirm.

 Bechtel, a general contractor, contracted with Mobil Chemical Company (3) to construct
an expansion at Mobil's Olefin's Unit. Powerhouse, as subcontractor on the project, entered
into a written subcontract with Bechtel. As material here, paragraph GC-37 entitled
"Indemnity" provided:

 SUBCONTRACTOR hereby releases and shall indemnify, defend and hold
harmless CONTRACTOR, OWNER . . . from and against any and all suits,
actions, legal or administrative proceedings, claims, demands, damages,
liabilities, interest, attorney's fees, costs, expenses, and losses of whatsoever
kind or nature in connection with or incidental to the performance of this
subcontract, whether arising before or after completion of the Work hereunder
and in any manner directly or indirectly caused, occasioned, or contributed to
in whole or in part, or claimed to be caused, occasioned or contributed to in
whole or in part, by reason of any act, omission, fault or negligence whether
active or passive of SUBCONTRACTOR, its lower-tier suppliers,
subcontractors or of anyone under its direction or control or on its behalf.


* * *



 SUBCONTRACTOR'S aforesaid release, indemnity and hold harmless
obligations, or portions or applications thereof, shall apply even in the event
of the fault or negligence, whether active or passive, or strict liability of the
parties released, indemnified or held harmless to the fullest extent permitted
by law, but in no event shall they apply to liability caused by the willful
misconduct or sole negligence of the party released, indemnified or held
harmless.



Although Powerhouse contends that Bechtel is not entitled to indemnification because the
agreement does not satisfy the express negligence test, it did not plead nor assert in its
summary judgment response nor does it contend here that the paragraph was ambiguous.

 During the course of the work under the contract, Evelyn Jones, a Powerhouse
employee, was injured when a valve broke off a fire hydrant when another Powerhouse
employee was attempting to tighten it. As a result, Jones was sprayed with a stream of high
pressure water and knocked backward. Claiming injuries to her neck, shoulder, and back,
Jones filed suit against Mobil and Bechtel accepted the defense of Mobil in accordance with
its contract with Mobil. Jones's suit was settled by Bechtel for $75,000. Following its
settlement with Jones, Bechtel commenced this action against Powerhouse seeking
indemnification for the settlement, its attorney's fees expended in defense, and attorney's
fees in prosecuting the action for declaratory judgment. In response to Bechtel's
declaratory judgment action, in addition to a general denial, Powerhouse asserted that it
invoked the provisions of section 41.007 et seq. of the Texas Civil Practice and Remedies
Code and the punitive damages limitations contained therein and alleged its right to a
reduction of any dollar verdict which may be rendered in the underlying cause by credit for
payments made by other persons or entities. However, Powerhouse did not deny the
execution of the contract by verified plea per Rule 93 of the Texas Rules of Civil Procedure. 
 

 By its traditional motion for summary judgment, which was supported by 15 written
items, Bechtel asserted it was entitled to contractual indemnification from Powerhouse
under the contract because Jones was injured while another Powerhouse employee was
working on a valve. Among other exhibits, Bechtel's evidence included (2) a copy of a
formal investigation of the incident conducted by Powerhouse; (5) a letter requesting that
Powerhouse assume defense pursuant to the contract; (11) a copy of the Memorandum of
Settlement in the Jones v. Mobil lawsuit; (12) a copy of a release signed by Jones; (14) a
copy of an invoice for attorney's fees; and (15) an affidavit of Michael T. Birdwell. In
response to Bechtel's motion for summary judgment, Powerhouse filed its response to and
a cross-motion for summary judgment asserting (1) the indemnity agreement between
Powerhouse and Bechtel is invalid under the express negligence requirement of Texas law,
and (2) even if the indemnity agreement is enforceable, a fact question existed regarding
the negligence or causation question thereby precluding summary judgment.

Summary Judgment Standard


of Review



 For a party to prevail on a traditional motion for summary judgment, he must
conclusively establish the absence of any genuine question of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). This requirement dictates
that when the defendant is the movant, he must conclusively negate at least one of the
essential elements of the plaintiff's cause of action. Likewise, a defendant who conclusively
establishes each element of an affirmative defense is entitled to summary judgment. 
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), the Court set out the
standard by which we are to review a summary judgment: 

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.

 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.

 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.


Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion and present to the trial court any issues that would
preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 
671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st
Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of
a summary judgment must be expressly presented to the trial court by written answer or
other written response to the motion and not by mere reference to summary judgment
evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues
not expressly presented to the trial court in writing shall not be considered on appeal as
grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in
opposition to a motion for summary judgment must be presented in writing to the trial court. 
Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). 

 Where, as here, both sides move for summary judgment and the trial court grants one
motion and denies the other, on appeal, we review the summary judgment evidence of both
sides and determine all questions presented, and render judgment the trial court should have
rendered. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999). Greg Lair, Inc.
v. Spring, 23 S.W.3d 443, 446 (Tex.App.--Amarillo 2000, pet. denied). Moreover, because
neither party presented any objections to the summary judgment evidence in the trial court
and none are presented here, we may consider all of the summary judgment evidence in the
record. Grand Prairie Independent School District v. Vaughan, 792 S.W.2d 944, 945 (Tex.
1990); Calp v. Tau Kappa Epsilon Fraternity, 75 S.W.3d 641, 645-46 (Tex.App.--Amarillo
2002, pet. denied). 

Express Negligence Test


 By its first issue, Powerhouse contends the trial court erred in finding that the
indemnity provision in Bechtel's contract did not violate the express negligence test set forth
in Ethyl Corp. v. Daniel Const. Co., 725 S.W.2d 705, 708 (Tex. 1987). We disagree. The
express negligence requirement is a rule of contract interpretation to be determined as a
matter of law. Fisk Elec. v. Constructors & Associates, 888 S.W.2d 813, 814 (Tex. 1994).
Thus, we commence our analysis of the matter of law question by reviewing three rules of
contract law. First, we note that an express contract arises when the terms are stated by the
parties while a contract implied in fact arises from the acts and conduct of the parties, it
being implied from the facts and circumstances. See Haws & Garrett G. Con., Inc. v.
Gorbett Bros. Weld. Co., 480 S.W.2d 607, 610 (Tex. 1972) (holding that whether a contract
for indemnity existed should have been submitted to the jury). Second, in construing a
contract "the thing of first importance is the language of the contract itself." See Gallup v. St.
Paul Insurance Company, 515 S.W.2d 249, 250 (Tex. 1974). Finally, the language
contained in the contract is to be accorded its plain grammatical meaning unless to do so
would defeat the parties' intent. See DeWitt County Elec. Co-Op. v. Parks, 1 S.W.3d 96, 101
(Tex. 1999). As material to our analysis, the indemnity section as restated below provides:

 [Powerhouse] shall indemnify . . . [Bechtel] . . . from and against any and all
suits . . . claims, demands, damages . . . attorney's fees . . . and losses of
whatsoever kind or nature in connection with or incidental to the performance
of this subcontract . . . in any manner directly or indirectly caused, occasioned,
or contributed to . . . by reason of any act, omission, fault or negligence
whether active or passive of [Powerhouse] . . . or of anyone acting under its
direction or control of on its behalf. 


* * *



 [Powerhouse's] . . . indemnity . . . shall apply even in the event of the fault or
negligence . . . of [Bechtel] . . . to the fullest extent permitted by law, but in no
event shall they apply to liability caused by the willful misconduct or sole
negligence of [Bechtel] . . . .


(Emphasis added). Focusing on the language "indemnity. . . shall apply even in the event
of the fault or negligence" of Bechtel "to the fullest extent permitted by law," and applying the
referenced rules of contract law, we must determine whether this language satisfies the
express negligence test. 

 In Fisk Elec. v. Constructors & Associates, Inc., 888 S.W.2d 813 (Tex. 1994), (4) Ethyl
Corp. v. Daniel Const. Co., 725 S.W.2d 705 (Tex. 1987), (5) and Gulf Coast Masonry v. Owens-Illinois, 739 S.W.2d 239 (1987), (6) the Court held the indemnity provisions unenforceable
because they did not clearly provide for indemnification for the indemnitee's own negligence. 
However, the indemnity provisions in Fisk Elec., Ethyl, and Gulf Coast Masonry did not
contain language similar to the language here that the duty to indemnify "shall apply even
in the event of the fault or negligence of [Bechtel]." 

 In Ethyl, the Court held that the contractual provision did not expressly provide for
indemnity for the negligence of the indemnitee, comparative or otherwise. 725 S.W.2d at
708-09. Unlike the provisions in Fisk Elec., Ethyl, Gulf Coast Masonry, the indemnity
obligation under this contract applies "even in the event of the fault or negligence" of Bechtel. 
Otherwise stated, Powerhouse had the duty to indemnify Bechtel "notwithstanding" Bechtel's
fault or negligence, willful misconduct, or sole negligence excepted. Moreover, the
indemnity provision is readily apparent, appearing in larger type than the preceding
paragraphs and the title "Indemnity" is capitalized in bold print. Accordingly, we conclude that
the indemnity provision does satisfy the express negligence test. Giving the "plain
grammatical meaning" to the language "even in the event of the fault or negligence" of
Bechtel, we conclude the provision satisfied the express negligence test. Powerhouse's first
issue is overruled. 

 By its second issue submitted in the alternative, Powerhouse contends a material fact
question existed as to causation and its alleged negligence, which the trial court apparently
determined as a matter of law. We disagree. As part of its summary judgment evidence,
Bechtel submitted the written report entitled "Accident Investigation" conducted and prepared
by an employee of Powerhouse, which included unchallenged fact findings, including:


 Powerhouse foreman noticed that the gate valve on M-63 was leaking
on January 11 and he placed a yellow caution tag on the valve stating
"Bad Valve."
 Powerhouse instructed its fire watches not to use this valve.
 On January 12, between 8:00 and 9:00 a.m., Mobil shut down the
Powerhouse fire watch duties on M-63 due to the leaking gate valve.
 On the morning of January 13, the bad valve tag has been removed
from M-63. When the injured Powerhouse employee arrived at M-63
to set up for the day's fire watch duties as Ms. Jones was having
difficulty in removing the gated-Y, she sought assistance from another
Powerhouse employee. As he was attempting to tighten the gate valve
with his foot, it broke off.
 Ms. Jones was standing about two feet from the fire monitor as a water
stream struck her in the upper body and knocked her down.


 

After interviewing the injured employee, foreman, and witnesses, the accident investigator 
for Powerhouse concluded in part that removal of the tag by an unauthorized/unknown
person was the root cause of the accident. Also, according to his report, the decision of fire
watch personnel to use the monitor valve "while it was leaking at the nipple" was a
contributing factor. Powerhouse did not object to the submission of the report as summary
judgment evidence or present any summary judgment evidence to the contrary.

 Although recognizing that the subcontract requires that Powerhouse's fault or
negligence be the triggering event before the duty to indemnify arises, it then proceeds to
argue that the elements of negligence including proximate cause were not established by the
summary judgment evidence. However, under the applicable clause:

 in any manner directly or indirectly caused, occasioned, or contributed to in
whole or in part, or claimed to be caused, occasioned or contributed to in
whole or in part, by reason of any act, omission, fault, or negligence whether
active or passive of SUBCONTRACTOR, its lower-tier suppliers,
subcontractors, or anyone under its direction or control or on its behalf


summary judgment proof of negligence is not essential but, instead, evidence of cause in
fact is sufficient to trigger the duty to indemnify. The inspector's unchallenged findings of
fact are sufficient to establish "cause in fact" by employees of Powerhouse thereby giving
rise to the duty of Powerhouse to indemnify Bechtel. Accordingly, Powerhouse's second
issue is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice



Publish. 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Powerhouse does not present the broad form point which authorizes argument as
to all possible grounds upon which summary judgment should have been denied. See
Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
3. Mobil is not a party to this proceeding.
4. See indemnity provision, Constructors & Associates v. Fisk Elec., 880 S.W.2d 424,
425 (Tex.App.-Houston [14th Dist.] 1993), rev'd, 888 S.W.2d 813 (Tex. 1994).
5. See indemnity provision, 725 S.W.2d at 707.
6. See indemnity provision, 739 S.W.2d at 239. 


 2000, pet. ref'd). 

 The State counters by challenging appellant's proof of the second prong of
Strickland; that is, appellant must prove to a reasonable probability that, but for counsel's
alleged error, the result of the proceeding would have been different. See Strickland, 466
U.S. at 694, 104 S.Ct. at 2068. In making its response, the State notes that the Court of
Criminal Appeals allowed an out-of-time appeal to appellant, and such appeal is now
before this court. 

 We agree with the State. Appellant has not alleged or proved how the issues on
appeal would have been any different, or our decision would have varied, if his appeal had
proceeded earlier in time from a timely-filed notice of appeal. He has not proved prejudice
flowing from the late-filed notice of appeal, as required by Strickland, in order to prevail on
an ineffective assistance of counsel claim. See id. We overrule appellant's tenth issue.

ISSUE 11: Failure to File Pre-trial Motions to Discover

Evidence About Officer Forbis or Notice from the State

 In his 11th issue, appellant asserts that his trial counsel was ineffective because he
failed to file pre-trial motions to discover evidence about undercover officer Forbis, and to
require "notice" from the State. Appellant does not, in his statement of facts under issue
11, nor in his argument and authority, reference any evidence which would have been
discovered if such motions had been made and granted. Nor does he refer to or point out
how he was prejudiced by the failure of his counsel to file the pre-trial motions. See id. 
Appellant has not proved ineffective assistance of counsel in the absence of proof that to
a reasonable probability, but for counsel's alleged error, the result of the proceeding would
have been different. See id. We overrule appellant's 11th issue.

CONCLUSION

 Having overruled appellant's 11 issues, we affirm the judgment of the trial court. 

 



 

 Phil Johnson

 Justice



Do not publish.
1. Further references to the Penal Code will be by reference to "Penal Code §_."
2. Further reference to a Rule of Appellate Procedure will be by reference to "TRAP_."