NO. 07-02-0169-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 14, 2003

_____

TEXAS WORKERS' COMPENSATION COMMISSION, APPELLANT

V.

TEXAS WORKER'S COMPENSATION INSURANCE FUND, APPELLEE

_____

FROM THE 127TH DISTRICT COURT OF HARRIS COUNTY;

NO. 98-39523; HONORABLE SHAROLYN WOOD, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

**OPINION**[1]

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.2(a).

The Texas Workers' Compensation Commission (Commission) presents two issues challenging a summary judgment that the Texas Worker's Compensation Insurance Fund (Insurance Fund) be relieved of all liability for worker's compensation benefits to Glenn Everett, the real party of interest. By its first issue, the Commission contends that the Texas Workers' Compensation Act[2] abrogates the common law defense of election of remedies, and by its second issue, contends that Everett did not make an election of remedies. Based on the rationale expressed herein, we affirm.[3]

## Suit by Everett[4]

Following injuries to his left arm on December 21, 1995, Everett filed suit against Jeffery Evans d/b/a The Finished Touch on March 22, 1996, alleging that his injuries were caused by the negligence of The Finished Touch while he was using equipment provided by The Finished Touch and sought to recover actual and punitive damages. The first written notice of injury was received by the insurance carrier on April 19, 1996, which was followed by notice filed by the insurance carrier for The Finished Touch on April 25, 1996, asserting that payment of benefits was denied because no injury occurred in the course

---

[2]Tex. Lab. Code Ann. § 401.001 (Vernon Supp. 1998 & 2003) (hereafter the Act).

[3]The Commission does not present an issue contending that a genuine issue of material fact exists and precludes summary judgment. Tex. R. Civ. P. 166a(c).

[4]Although represented by counsel in the trial court, Everett did not file a notice of appeal.

and scope of employment and Everett was an independent contractor, not an employee. However, by its original answer filed on May 3, 1996, The Finished Touch contended it was covered by a workers' compensation insurance policy and that Everett's exclusive remedy was under the Act, not an action for damages based on negligence grounds; however, the pleading was amended withdrawing the defense that coverage under the Act was Everett's exclusive remedy. Everett then filed his claim for worker's compensation on October 16, 1996.

While his suit was pending and his worker's compensation claim remained contested, on February 18, 1997, in consideration of the payment to him of $37,500, Everett signed a five and one-half page Compromise Settlement Agreement and Release of All Claims which bore the number and style of Everett's suit, by which, among other things, paragraph 3 released

> "the Defendant . . . and any and all other persons, firms, parties, and corporations that might be in privity with them . . . specifically including any and all claims for breach of contract, breach of warranty, and/or tort, or otherwise, which were made or could have been made against Defendant as a result of the Occurrence."

Paragraph 4 provided that the agreement would be a "bar to any prosecution of" claims and Everett agreed to dismiss his suit with prejudice and to deliver a motion to dismiss and order dismissing his action with prejudice. As also material here, by paragraphs 5 and 6 of the agreement, Everett agreed not to bring any action at law or in equity based upon the

occurrence and agreed to defend, hold harmless, and indemnify the defendant, "its assigns . . . insurers . . . or any other persons, entities, parties, or corporations in privity with them . . . " from all claims, whether in contract, tort, or statute, whether third party actions, actions in intervention, cross-actions, or otherwise. Then, among other later provisions, by paragraph 9, Everett represented that he made the agreement "of his own free will in accordance with his own judgment and after consultation with his attorneys . . . ."

**Suit by Insurance Fund**

Following the execution of the settlement agreement and payment of consideration, on November 4, 1997, Everett decided to pursue his claim for worker's compensation. After the hearing's officer made an award to Everett, the decision was reviewed and affirmed by an appeals panel. Following this decision, the Insurance Fund filed suit against Everett on August 18, 1998, seeking, among other relief, to set aside the decision of the appeals panel, judgment that Everett made an election of remedies, that he did not suffer any disability, and for costs. Alleging that the decision of the appeals panel was erroneous because it was not supported by evidence and was an incorrect application of the law to the facts, the Insurance Fund sought a determination that Everett did make an election of remedies and that he did not have disability from December 21, 1995, to February 6, 1997. In response, Everett filed an answer which included a general denial and affirmative defenses of limitations and laches. At a bench trial on the merits on

4

August 21, 2000, the trial court found that Everett did make a binding election of remedies when he elected to pursue and settle a claim for damages and that such election barred his right to receive workers' compensation benefits and signed an interlocutory judgment based upon its findings. The judgment also directed that the Insurance Fund prepare a final judgment and that it be sent to the Commission with notice as required by the Labor Code.

Following receipt of the interlocutory judgment, the Commission filed its petition in intervention contending that the decision of the appeals panel was correct because Everett did not make an election of remedies and filed its traditional motion for summary judgment contending the same. The Commission did not contend that the compromise and settlement agreement was voidable because of fraud, accident, or mistake, or that the insurance carrier's defense that Everett was an independent contractor was not made in good faith. After the Commission filed its motion, the Insurance Fund filed a competing motion supported by ten exhibits contending that Everett made an election of remedies and that it should be relieved of liability. Following submission of the two motions, the trial court signed a final judgment on December 18, 2001, ordering that Everett's election of remedies barred his right to receive workers' compensation benefits from the Insurance Fund and ordering that the Insurance Fund be relieved of all liability for workers' compensation benefits to Everett as a result of his December 21, 1995 injury. Before we commence our an analysis, we first set forth the appropriate standard of review.

## Summary Judgment Standard
## of Review

For a party to prevail on a traditional motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). This requirement dictates that when the defendant is the movant, he must conclusively negate at least one of the essential elements of the plaintiff's cause of action. Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), the Court set out the standard by which we are to review a summary judgment:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.]

6

1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989).

Where, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, on appeal, we review the summary judgment evidence of both sides and determine all questions presented, and render judgment the trial court should have rendered. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999). Greg Lair, Inc. v. Spring, 23 S.W.3d 443, 446 (Tex. App.--Amarillo 2000, pet. denied). Moreover, because neither party presented any objections to the summary judgment evidence in the trial court, we may consider all of the summary judgment evidence in the record. Grand Prairie Independent School District v. Vaughan, 792 S.W.2d 944, 945 (Tex. 1990); Calp v. Tau Kappa Epsilon Fraternity, 75 S.W.3d 641, 645-46 (Tex.App.--Amarillo 2002, pet. denied).

**Analysis**

Instead of presenting a general point of error or issue as permitted by Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970), the Commission presents these issues:

1. Does the Texas Workers' Compensation Act by creating express statutory rights abrogate the common law election of remedies defense?

2. When an injured employee pursues alternative methods of recovery and receives a no admission of liability settlement from the employer and continues to pursue timely his exclusive remedy of workers' compensation benefits, can such a settlement rise to the level of an election of remedies?

For purposes of our analysis, we will consider the "grounds"[5] set out in the Commission's motion for summary judgment:

1. Under the "new law" Workers' Compensation Act adopted in 1989, the Legislature allowed one year to file a worker's compensation claim.

2. Under Texas Labor Code, section 406.035 stated "except as provided herein, an agreement by an employee to waive the employee's right to compensation is void." The defendant could not have agreed in any fashion not to give up his right to compensation merely by receiving a settlement from the employer, especially when the insurance carrier, the Plaintiff, was denying the Claimant's right to compensation.

3. Under the "new law," the Legislature created the right of a subclaimant for the first time, and, under Texas Labor Code section 409.009 . . . . Any person or entity has an independent right as a subclaimant to seek reimbursement for any services for the workers' compensation insurance carrier, and if they wish to pursue that right they can.

4. The four factors, which must all four be met, under the *Bocanegra* test were not all shown to have [been] met as a matter of law. Without all four factors met, an election of remedies has not been made. This right cannot

---

[5]A motion for summary judgment should "state the specific grounds" for the motion. Tex. R. Civ. P. 166a (c).

8

be taken away by attempting to create an election of remedies, which such under the new law is not inconsistent or allowing an injured employee a double recovery.

Because grounds 1 and 3 are not implicated here, we will direct our attention to ground 1 as it relates to issue one and ground 4 as it relates to issue two.

In support of its first issue, citing section 406.035, the Commission argues because the Act creates express statutory rights, it abrogates the common law election of remedies defense.   That section provides:

**§ 406.035 Waiver of Compensation Prohibited**
Except as provided by this subtitle, an agreement by an employee to waive the employee's right to compensation is void.

The Commission has not cited any case authority for its position and the issue presents a question of first impression as applied to these unique facts.

Although section 408.001 provides that recovery under the Act "is the exclusive remedy of an employee covered by workers' compensation insurance coverage," before that provision applies, the injured person must have been an "employee" as defined by the Act. An "employer" is a person "who makes a contract of hire" and an employee is a person who works for an employer, excluding independent contractors. Tex. Lab. Code Ann. §§ 401.011(18) & 401.012(b) (Vernon Supp. 2003).

The Commission's argument incorrectly assumes that the term "waiver" as used in the statute is synonymous with the doctrine of election of remedies. "Waiver" is commonly defined "as the intentional release, relinquishment, or surrender of a known right." *See* Fisher v. First Nat. Bank of Memphis, 584 S.W.2d 515, 519 (Tex.Civ.App.--Amarillo 1979, no writ), citing Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855, 865 (1958). Election of remedies is broadly defined as the act of choosing between two or more inconsistent but coexistent modes of procedure and relief allowed by law on the same state of facts. Custom Leasing, Inc. v. Texas Bank & Tr. Co. of Dallas, 491 S.W.2d 869, 871 (Tex. 1973). Where, as here, the Legislature does not define a term, its ordinary meaning will be applied. Hopkins v. Spring Independent School Dist., 736 S.W.2d 617, 619 (Tex. 1987). As is apparent from considering the definitions of "waiver" and "election of remedies," section 406.035 does not abrogate the common law defense of election of remedies. Moreover, because a "right" must exist before it can be waived, the uncertainty of Everett's status as an employee precluded a waiver of compensation benefits by executing the settlement agreement. Accordingly, taken in the context of this record, the Act does not abrogate the common law election of remedies defense. Issue one is overruled.

By its second issue, the Commission argues that where an employee settles a claim against an employer and thereafter pursues a timely filed worker's compensation claim, the settlement does not rise to the level of an election. Based on this record, we disagree. The Commission acknowledges that the insurance carrier disputed Everett's claim as an

10

employee. Further, the Commission did not seek to avoid the settlement agreement on the grounds of fraud, accident, mistake, or otherwise, or challenge the good faith of the insurance carrier in disputing Everett's status as an employee. In deciding this issue, it is important to consider the chronology of the following events in light of paragraph 5 of the settlement agreement:

| | |
|---|---|
| December 21, 1995 | Injury; |
| March 22, 1996 | Everett files common law personal injury action; |
| April 25, 1996 | Insurance carrier disputes status as an employee; |
| October 16, 1996 | Everett filed compensation claim; |
| February 18, 1997 | Compromise settlement agreement signed and $37,500 paid to Everett. Also, $2,217.65 paid in attorney's fees and court costs; |
| November 4, 1997 | Everett decides to pursue his compensation claim; record is silent as to why Everett delayed in pursuing his claim for compensation. |

Summarized here, by paragraph 5 of the settlement agreement, Everett also agreed that he would not bring, commence, institute, nor maintain any claim against The Finished Touch, its insurers, or others who might be in privity with them. Also, in paragraph 6, Everett agreed to indemnify and hold The Finished Touch, *et al.* harmless from claims based in contract, tort, or statute. Although the Insurance Fund did not contend that the agreement constituted a "release" of claims, it did contend that it operated as an election of remedies.

11

In *Custom Leasing*, 491 S.W.2d at 871, the Court held:

> An election of remedies is the act of choosing between two or more inconsistent but coexistent modes of procedure and relief allowed by law on the same state of facts. When a party thus chooses to exercise one of them he abandons his right to exercise the other remedy and is precluded from resorting to it.

The Commission contends that the four elements of the doctrine as announced in Bocanegra v. Aetna Life Ins. Co., 605 S.W.2d 848, 851 (Tex. 1980), to-wit:

> when (1) one successfully exercises an informed choice (2) between two or more remedies, rights or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice

were not established by the summary judgment evidence. We disagree for the following reasons.

**Exercise of informed choice.** In *Bocanegra*, the Court held that the worker did not make an informed choice because she was a layman and the medical terms and issues were beyond her general understanding. Here, however, Everett made an informed choice because the terms used in the compromise and settlement agreement are commonly used and Everett acknowledged that he signed the agreement "after consultation with his attorneys."

**Two or more remedies or rights.** Because Everett's status as a employee was challenged at the time of the agreement, the exclusive remedy provision in section 408.001

12

and the "opt out" provisions in section 406.034 were not controlling. Therefore, Everett could have diligently prosecuted his worker's compensation claim or could, as he did, elect to accept $37,500 in accordance with the compromise and settlement agreement.

**Inconsistent.** Unlike a common law action for damages, workers' compensation benefits are not dependent on a finding of fault. Further, where an injured person is an employee as defined by the Act, the prosecution of a common law negligence action against an employer is prohibited under section 408.001.

**Constitute manifest injustice.** Everett signed a contract after consulting with his attorney by which, among other things, he agreed not to assert any claims arising under common law, in equity, or statute. Notwithstanding his agreement not to pursue a claim after he was paid $37,500, Everett pursued his compensation claim. Moreover, a party is generally not entitled to a double recovery which exists when a party obtains more than one recovery for the same injury. Waite Hill Services, Inc. v. World Class Metal, 959 S.W.2d 182, 184 (Tex. 1998).

We have not overlooked the Commission's argument regarding section 410.253; however, because courts generally presume that a statute shall operate prospectively only, Subaru of America v. David McDavid Nissan, 84 S.W.3d 212, 219 (Tex. 2002), and because that statute was not effective until September 1, 1997, it does not apply to a settlement agreement made in February of 1997. Moreover, the issue was not expressly

13

presented to the trial court by written answer or response.  *McConnell*, 858 S.W.2d at 341.

Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice