Opinion filed February 5, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 5,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00241-CV 

                                                    __________

 

                         MANUEL GRANILLO, SR. ET AL, Appellants

 

                                                             V.

 

       THOMAS W. MCKINZIE
D/B/A MCKINZIE INSURANCE AGENCY,

               AND THOMAS
W. MCKINZIE, INDIVIDUALLY, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                         Gaines
County, Texas

 

                                              Trial
Court Cause No. 05-09-15056

 



 

                                              M
E M O R A N D U M   O P I N I O N








Manuel
Granillo, Sr.; Anel Fierro; Jennifer Granillo; Manuel Granillo, Jr.; and Alexis
Granillo were involved in a motor vehicle accident with Monty McKinzie.  The
Granillos sued Monty.  They later amended their petition to add Thomas W.
(Woody) McKinzie individually and d/b/a McKinzie Insurance Agency as a
defendant and alleged that he was vicariously liable for their injuries.  Woody
filed a motion for summary judgment.  The trial court granted that motion and
entered a take-nothing judgment in his favor.  We affirm.

                                                                        Analysis

 A.
 Standard of Review.

Woody=s motion was a combination
traditional and no-evidence motion.  The trial court did not specify which
motion it was granting.  We must, therefore, consider both standards of review.

No‑evidence
motions are reviewed under the same standard as a directed verdict. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750‑51 (Tex. 2003). 
Accordingly, we review the evidence in the light most favorable to the
nonmovant and disregard all contrary evidence and inferences. Id. A
trial court must grant a proper no‑evidence motion for summary judgment
unless the nonmovant produces more than a scintilla of probative evidence to
raise a genuine issue of material fact on the challenged element of the claim. Tex. R. Civ. P. 166a(i).

For
traditional motions, questions of law are reviewed de novo.  St. Paul Ins.
Co. v. Tex. Dep=t
of Transp., 999 S.W.2d 881 (Tex. App.CAustin
1999, pet. denied). To determine if a fact question exists, we must consider
whether reasonable and fair‑minded jurors could differ in their
conclusions in light of all the evidence presented.  Goodyear Tire &
Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all
the evidence in the light most favorable to the nonmovant, indulging all
reasonable inferences in favor of the nonmovant, and determine whether the
movant proved that there were no genuine issues of material fact and that it
was entitled to judgment as a matter of law. City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671 (Tex. 1979).

B. 
The Evidence.  

Woody
owns 880 acres in Gaines County.  Monty is his son and has farmed this land
pursuant to an oral lease since 1990.  Monty pays for eighty percent of all
costs and receives eighty percent of all revenue.  Woody pays twenty percent of
the costs and receives twenty percent of the revenue.  Woody also owns an
insurance agency.  Monty has an insurance license that he maintains in case
something happens to Woody.  State law requires the presence of a licensed agent
in the agency, and Monty=s
license would allow the office to remain open.








On
the day of the accident, Monty was applying fungicide on a peanut crop through
a center pivot irrigation system.  The fungicide is extremely expensive.  Once
the process is started, the chemicals are applied continuously.  Monty had been
applying the fungicide for two days.  During daylight hours, he checked his
chemical tank every hour or two to make sure that it was full and to monitor
the equipment=s
operation.  During nighttime hours, he checked every four hours.  The
application was almost complete when Monty left the farm to go to his father=s house to help mow the
lawn.  The accident occurred during this trip.  At the time of the accident,
the chemicals were still being applied, but Monty did not plan on returning to
add more chemicals or to check on the equipment.

C. 
The Granillos=
Claims.  

The
Granillos alleged that Woody was vicariously liable for Monty=s negligence because Monty
was an employee of Woody=s
insurance agency or Woody individually.  Alternatively, they alleged liability
because the agency and Monty were members of a joint enterprise or, in the
further alternative, because Woody and Monty were members of a joint
enterprise.  On appeal, they contend that a fact question exists as to whether
Woody and Monty were conducting farming operations as a joint enterprise and
whether Monty was an employee of the insurance agency or a member of a joint
enterprise with it.

1.  Farming Operations.

To
hold Woody vicariously under the theory of joint enterprise, the Granillos must
prove that Woody and Monty had (1) an express or implied agreement, (2) a
common purpose, (3) a community of pecuniary interest, and (4) an equal right
to a voice in the direction of the enterprise.  Tex. Dep=t of Transp. v. Able,
35 S.W.3d 608, 613 (Tex. 2000).  The Granillos must also establish that Monty
committed a tort against them while acting within the scope of the enterprise. 
Greg Lair, Inc. v. Spring, 23 S.W.3d 443, 448 (Tex. App.CAmarillo 2000, pet.
denied).








We
need not determine if the Granillos produced sufficient evidence to create a
fact question on each element of their joint enterprise claim because there is
no evidence that Monty was acting within the scope of any farming joint
enterprise.  Fungicide was still being applied at the time of the accident, but
Monty was doing nothing to further that application.  He was, instead, on a
personal mission.  The Granillos draw our attention to the fact that the
fungicide was still being pumped and that the process involved close and
protracted supervision.  However, at the time of the accident, Monty had left
the farm to go to his father=s
house to mow the lawn.  Because this was personal and not in furtherance of the
farming operations, the trial court did not err by granting Woody=s summary judgment motion
on this theory.

2.  Insurance Agency.

The
Granillos next argue that there is sufficient evidence to create a fact
question on Woody=s
respondeat superior liability because there was some evidence that Monty was
employed at the insurance agency and because there was some evidence of a joint
enterprise involving the agency.  Even if we assume both statements to be true,
there is no evidence that Monty was acting within the scope of any insurance
agency employment or joint enterprise.  See Baptist Mem=l Hosp. Sys. v. Sampson,
969 S.W.2d 945, 947 (Tex. 1998) (employer may be vicariously liable for the
negligent acts of its employee if the employee=s
actions are within the course and scope of his employment); Minyard Food
Stores, Inc. v. Goodman, 80 S.W.3d 573, 577 (Tex. 2002) (if employee
deviates from the performance of his duties for his own purposes, the employer
is not responsible for what occurs during that deviation).  The trial court did
not err by granting Woody=s
summary judgment motion on this theory as well.

                                                            Holding

 Because
the Granillos produced no evidence that Monty was acting in furtherance of any
joint enterprise or within the scope of any employment, the trial court did not
err by granting Woody=s
motion for summary judgment.  The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

February 5, 2009

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.