**Opinion filed February 5, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00241-CV

_____

## MANUEL GRANILLO, SR. ET AL, Appellants

## V.

## THOMAS W. MCKINZIE D/B/A MCKINZIE INSURANCE AGENCY, AND THOMAS W. MCKINZIE, INDIVIDUALLY, Appellee

### On Appeal from the 106th District Court

### Gaines County, Texas

### Trial Court Cause No. 05-09-15056

### M E M O R A N D U M   O P I N I O N

Manuel Granillo, Sr.; Anel Fierro; Jennifer Granillo; Manuel Granillo, Jr.; and Alexis Granillo were involved in a motor vehicle accident with Monty McKinzie. The Granillos sued Monty. They later amended their petition to add Thomas W. (Woody) McKinzie individually and d/b/a McKinzie Insurance Agency as a defendant and alleged that he was vicariously liable for their

injuries. Woody filed a motion for summary judgment. The trial court granted that motion and entered a take-nothing judgment in his favor. We affirm.

*Analysis*

A. *Standard of Review*.

Woody's motion was a combination traditional and no-evidence motion. The trial court did not specify which motion it was granting. We must, therefore, consider both standards of review.

No-evidence motions are reviewed under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Accordingly, we review the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id*. A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element of the claim. TEX. R. CIV. P. 166a(i).

For traditional motions, questions of law are reviewed de novo. *St. Paul Ins. Co. v. Tex. Dep't of Transp*., 999 S.W.2d 881 (Tex. App.—Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671 (Tex. 1979).

B. *The Evidence*.

Woody owns 880 acres in Gaines County. Monty is his son and has farmed this land pursuant to an oral lease since 1990. Monty pays for eighty percent of all costs and receives eighty percent of all revenue. Woody pays twenty percent of the costs and receives twenty percent of the revenue. Woody also owns an insurance agency. Monty has an insurance license that he maintains in case something happens to Woody. State law requires the presence of a licensed agent in the agency, and Monty's license would allow the office to remain open.

On the day of the accident, Monty was applying fungicide on a peanut crop through a center pivot irrigation system. The fungicide is extremely expensive. Once the process is started, the chemicals are applied continuously. Monty had been applying the fungicide for two days. During daylight hours, he checked his chemical tank every hour or two to make sure that it was full and to monitor the equipment's operation. During nighttime hours, he checked every four hours. The application was almost complete when Monty left the farm to go to his father's house to help mow the lawn. The accident occurred during this trip. At the time of the accident, the chemicals were still being applied, but Monty did not plan on returning to add more chemicals or to check on the equipment.

### C. The Granillos' Claims.

The Granillos alleged that Woody was vicariously liable for Monty's negligence because Monty was an employee of Woody's insurance agency or Woody individually. Alternatively, they alleged liability because the agency and Monty were members of a joint enterprise or, in the further alternative, because Woody and Monty were members of a joint enterprise. On appeal, they contend that a fact question exists as to whether Woody and Monty were conducting farming operations as a joint enterprise and whether Monty was an employee of the insurance agency or a member of a joint enterprise with it.

### 1. Farming Operations.

To hold Woody vicariously under the theory of joint enterprise, the Granillos must prove that Woody and Monty had (1) an express or implied agreement, (2) a common purpose, (3) a community of pecuniary interest, and (4) an equal right to a voice in the direction of the enterprise. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000). The Granillos must also establish that Monty committed a tort against them while acting within the scope of the enterprise. *Greg Lair, Inc. v. Spring*, 23 S.W.3d 443, 448 (Tex. App.—Amarillo 2000, pet. denied).

We need not determine if the Granillos produced sufficient evidence to create a fact question on each element of their joint enterprise claim because there is no evidence that Monty was acting within the scope of any farming joint enterprise. Fungicide was still being applied at the time of the accident, but Monty was doing nothing to further that application. He was, instead, on a personal mission. The Granillos draw our attention to the fact that the fungicide was still being pumped and

3

that the process involved close and protracted supervision. However, at the time of the accident, Monty had left the farm to go to his father's house to mow the lawn. Because this was personal and not in furtherance of the farming operations, the trial court did not err by granting Woody's summary judgment motion on this theory.

        *2. Insurance Agency.*

The Granillos next argue that there is sufficient evidence to create a fact question on Woody's respondeat superior liability because there was some evidence that Monty was employed at the insurance agency and because there was some evidence of a joint enterprise involving the agency. Even if we assume both statements to be true, there is no evidence that Monty was acting within the scope of any insurance agency employment or joint enterprise. *See Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998) (employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment); *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002) (if employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation). The trial court did not err by granting Woody's summary judgment motion on this theory as well.

*Holding*

Because the Granillos produced no evidence that Monty was acting in furtherance of any joint enterprise or within the scope of any employment, the trial court did not err by granting Woody's motion for summary judgment. The judgment of the trial court is affirmed.

        RICK STRANGE

        JUSTICE

February 5, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.